[S. F. No. 1478.    In Bank.—February 8, 1900.]

## ALFRED CLARKE, Appellant, v. POLICE LIFE AND HEALTH INSURANCE BOARD, Respondent.

Police Pension Fund—Amended Statute not Retroactive.—The act of March 2, 1897 (Stats. 1897, p. 52), including therein the amendment of section 3 of the act of 1889 (Stats. 1889, p. 56), relating to the pension fund payable to retiring police officers, is not retroactive; and the amended section has no application to one whose connection with the police department was at an end before the passage of the amendment.

Id.—Mandamus—Alleged Discrimination of Board.—Upon an application for a mandamus to the police relief, life, and health insurance board to compel the payment of a pension to which the applicant is not entitled, the alleged discrimination of the

board in awarding pensions under the amended act to other retiring police officers no less deserving than the applicant is immaterial, and cannot affect the applicant's right.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Alfred Clarke, Appellant *in pro. per.*

Harry T. Creswell, City and County Attorney, for Respondent.

BEATTY, C. J.—The appellant filed his petition in the superior court for a writ of *mandamus* to the police life and health insurance board, compelling that body to grant him a pension out of the fund arising under the provisions of the act of March 4, 1889, entitled, "An act to create a police relief, health, and life insurance and pension fund," etc. (Stats. 1889, p. 56.) A general demurrer to his petition was sustained, and judgment passed in favor of the board. This is an appeal from the judgment, and the sole question to be determined is whether, on the facts stated in the petition, the appellant is by the terms of the law, as amended March 2, 1897 (Stats. 1897, p. 52), entitled to a pension.

The petitioner was appointed and commenced his service on the police force of the city and county of San Francisco December 3, 1856. He continued to serve until September 1, 1868, when he was removed without cause. On the 1st of February, 1869, he was reappointed and served continuously from that date until December 31, 1887, when the condition of his health compelled him to resign.

Up to the date of appellant's resignation from the force the only law providing for the allowance of any pecuniary benefits to policemen in addition to their salaries was the act of April 1, 1878. (Stats. 1878, p. 879.) Under the provision of that act the legal representative of a policeman dying in the service was to be paid the sum of one thousand dollars, and to any policeman resigning on account of bad health or physical infirmity was to be paid the amount he had contributed to the "life and health insurance fund," that is to say, he was to be

paid two dollars a month for the time he had been in service, that being the sum paid into the special fund from the general county funds under the act of 1878, on account of every policeman on the rolls. As the petitioner resigned on account of ill-health in 1887, while the act of 1878 was in force, it is to be presumed that he received the two dollars per month to which he was entitled, and that his claims upon the fund ended with his retirement from the force.

More than a year after his resignation the act of 1889 was passed, by which a new system was established, and the act of 1878 repealed. (*Pennie v. Reis,* 80 Cal. 266; *Pennie v. Reis,* 132 U. S. 470; *Clarke v. Reis,* 87 Cal. 543.) By this act it was provided that pensions should be paid to policemen retired after twenty years' service. The petitioner makes no claim under this law as originally enacted. He seems to concede that he was not within its terms, because, and only because, his service had not been continuous for twenty years, though the aggregate of his two terms of service was thirty years.

By the act of March 2, 1897, however, section 3 of the act of 1889 was amended so as to be read as follows: "Whenever any person, at the taking effect of this act or thereafter, shall have been duly appointed or selected, and sworn, and have served for twenty years, or more, in the aggregate, as a member in any capacity or any rank whatever, of the regularly constituted police department of any such county, city and county, city or town, which may hereafter be subject to the provisions of this act, said board may, if it see fit, order and direct that such person, after becoming sixty years of age, be retired from further service in such police department, and from the date of the making of such order the service of such person in such police department shall cease, and such person so retired shall thereafter, during his lifetime, be paid from such fund a yearly pension equal to one-half of the amount of salary attached to the rank which he may have held in said police department for the period of one year next preceding the date of such retirement."

Under this amendment, providing for pensions to those whose service in the police department should extend in the aggregate to twenty years, petitioner claims his pension. We think it clear, from a reading of the amended section, that it has no ap-

plication to one whose connection with the department was at an end before the passage of the amending act. It simply provides that in case of an officer, who is a member of the force, who is sixty years of age, and who has served twenty years in the aggregate, the board may, in its discretion, retire him on half pay, or retain him in active service at full pay. It does not apply to a person over whom the board has no power or authority whatever.

The main portion of appellant's argument is directed to the alleged discrimination of the board in awarding pensions to others who, as he contends, are less deserving than himself, and no more clearly within the letter of the statute. It would make no difference, so far as this proceeding is concerned, whether this charge is true or not. The only question we are concerned with is whether, under the law, it is the duty of the board to allow a pension to the petitioner, and, since we have concluded that such is not their duty, it would not alter the result if it appeared that they had awarded pensions to others not entitled to receive them. In saying this we are not to be understood as intimating that the other pensions alluded to have been improperly allowed. Those questions are not before us for decision, and between all those cases and the present case there exists the important difference that the pensioners were in service at the date of their respective retirements and subsequent to the amendment of the act.

The judgment of the superior court is affirmed.

McFarland, J., Van Dyke, J., Henshaw, J., Garoutte, J., Harrison, J., and Temple, J., concurred.