THE PEOPLE OF THE STATE OF NEW YORK ex rel. PHEBE A. WADDY, Respondent, v. JOHN N. PARTRIDGE, as Police Commissioner of the City of New York, Appellant.

MANDAMUS — BROOKLYN (CITY OF) — PENSIONS TO WIDOWS OF MEMBERS OF THE POLICE DEPARTMENT — L. 1888, CH. 583. The provision of the charter of the city of Brooklyn (L. 1888, ch. 583, tit. 11, § 42) authorizing the granting of a pension to the widow of any member of the police force or attache of the police department who shall have died after ten years of service in the police department of that city and providing that the commissioner of police may in his discretion revoke any pension granted or any part thereof, " except to members of the police force and attaches retired after twenty years' service," does not authorize the granting of a pension to the widow of a policeman who had been retired upon a pension after twenty years' service and who had died several years before the enactment of the statute, since such policeman was not a member of the police department at the time of his death and the statute is not retroactive; if the statute could be construed to cover such case, it would be unconstitutional as an appropriation of public moneys to purely private purposes. The widow of such policeman, therefore, is not entitled to a mandamus requiring the police commissioner of the city of New York to revoke his revocation of a pension previously granted to her under the statute.

*People ex rel. Waddy* v. *Partridge*, 74 App. Div. 620, reversed.

(Argued October 7, 1902; decided November 11, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 23, 1902, which affirmed 'an order of Special Term granting a motion for a peremptory writ of mandamus requiring the defendant to pay to the relator a pension from the police pension fund of the city of New York.

The facts, so far as material, are stated in the opinion.

*George L. Rives, Corporation Counsel (James McKeen* of counsel), for appellant. Upon his retirement in 1882 the relator's husband, George A. Waddy, ceased to be a member of the police department. (L. 1873, ch. 863, tit. 11, § 4.) Assuming that power did exist at the time this pension was granted to grant the same, it was an act exercised by the com-

**306**     People ex rel. Waddy v. Partridge.     [Nov.,

Opinion of the Court, per O'Brien, J.     [Vol. 172.

missioner in his discretion, and its discontinuance was a matter in the discretion of the present commissioner of police as the successor of the Brooklyn commissioner of police and excise. (L. 1873, ch. 863, § 41; *Matter of Tobin,* 53 App. Div. 453; 164 N. Y. 532; *People ex rel.* v. *Martin,* 131 N. Y. 196.)

*Charles K. Terry* for respondent. The grant of a pension to relator was legal. (*Blashko* v. *Wurster,* 156 N. Y. 437; *People ex rel.* v. *Bd. of Suprs.,* 51 N. Y. 401; *Hagadorn* v. *Raux,* 72 N. Y. 583; *Smith* v. *Floyd,* 140 N. Y. 337.) The husband of the relator at the time of his death was a member of the police force of the city of Brooklyn. (*McGowan* v. *Bd. of Police,* City Court of Brooklyn, Aug. 9, 1882.) The defendant had not the power to revoke relator's pension. (L. 1901, ch. 466, § 356; L. 1888, ch. 583, § 41; *Matter of Tobin,* 164 N. Y. 532.) Under the present charter of the city of New York the payment of relator's pension is made mandatory. (L. 1901, ch. 466, § 356; *People ex rel.* v. *Suprs. of Otsego Co.,* 51 N. Y. 401; *Hagadorn* v. *Raux,* 72 N. Y. 583; *Smith* v. *Floyd,* 140 N. Y. 337; *People ex rel.* v. *Common Council,* 78 N. Y. 61; *Matter of Tobin,* 64 App. Div. 377; *Mayor* v. *Furze,* 3 Hill, 612; *Matter of Armstrong* v. *Murphy,* 65 App. Div. 123; *People ex rel.* v. *Martin,* 32 N. Y. S. R. 440; *Sargent* v. *Bennett,* 3 How. Pr. 515; *People ex rel.* v. *Martin,* 145 N. Y. 260.) The relator's deceased husband having contributed to this fund the relator is entitled to the benefit from said fund. (*Sargent* v. *Bennett,* 3 How. [U. S.] 515; *People ex rel.* v. *Suprs.,* 51 N. Y. 401; *Hagadorn* v. *Raux,* 72 N. Y. 586; *Smith* v. *Floyd,* 140 N. Y. 337; *Matter of Tobin,* 164 N. Y. 534; 53 App. Div. 453.) Mandamus is the proper remedy. (*People ex rel.* v. *Suprs.,* 11 N. Y. 574; *People ex rel.* v. *Common Council,* 78 N. Y. 61; *Howell* v. *Mills,* 53 N. Y. 322.)

O'Brien, J. The courts below have awarded a peremptory writ of mandamus against the defendant as police commis-

sioner, requiring him to revoke his revocation of a pension to the relator as the widow of a member of the police force of Brooklyn. The questions whether the commissioner can be required to revoke his action and the right of the relator to the pension under the statute are involved in the inquiry.

The relator's husband was a member of the old Metropolitan police force of Brooklyn, having been originally appointed January 8th, 1851. On April 1st, 1882, after more than twenty years' service, he was retired upon a pension pursuant to section forty-one of the then existing charter of Brooklyn (Chapter 863, Laws of 1873). At that time there was no law in existence providing for a pension to a widow of any member of the police force. By chapter 583 of the Laws of 1888 the local laws affecting the public interests in Brooklyn were revised and combined in a single act which came to be known as the charter of that city, and this statute contained the following provision in regard to pensions. The commissioner of police was authorized to grant pensions in the following cases : " To the widow of any member of the police force or attache of the police department who shall have been killed while in the actual performance of police duty, or shall have died from the effects of any injury received whilst in the actual discharge of such duty, or who has died or shall hereafter die, after ten years of service in the police department of the city of Brooklyn, provided such death shall not have been caused by misconduct on his part, a sum not to exceed three hundred dollars per annum." By another section of the statute it was provided that " the pensions to widows shall terminate when the widow shall remarry. * * * The commissioner of police may in his discretion order any pensions granted, or any part thereof, to cease except to members of the police force and attaches retired after twenty years' service." The relator's husband died on June 7th, 1882, several years prior to the enactment of any law providing for pensions to widows. More than seven years after his death, on August 16th, 1889, the relator applied for a pension, which was granted to her and paid until discontinued by the defendant.

The contention of the defendant is that the relator's husband had ceased to be a member of the police force long before his death, and that there was no power under this statute to grant a pension to a widow of one who was not at the time of his death a member of the police force.

We think that the provisions of the charter authorizing the granting of a pension to the widow of a member of the police force had no application to the relator. The relator's husband died some six years prior to the enactment of any law for the pensioning of widows. He was not in any proper sense a member of the police force at the time of his death, and the statute, we think, was not retroactive. It was not intended to apply to cases where members of the police force, who had been retired from the service, died prior to the enactment of the statute. If it was applicable to the relator it could be applied to every widow of a member of the police force who had ever served ten years, no matter at what time, however remote, prior to the enactment of the statute, he died.

If, however, the provision of the charter referred to can be so construed as to cover the relator's case, it would be plainly unconstitutional as an appropriation of public moneys to purely private purposes. (*Matter of Mahon* v. *Board of Education*, 171 N. Y. 263.)

We think that the writ of mandamus was improperly granted in this case, and, therefore, the order appealed from should be reversed and the application denied, without costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Ordered accordingly.