[No. 13693. Department One. May 2, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Georgia O'Neil, Respondent,* v. WILL D. WALLACE, *Auditor of Whatcom County, Appellant.*[1]

CONTEMPT—COUNTY OFFICER—PURGING—EXPIRATION OF TERM. A contempt by a county officer for failing to comply with a mandate directing the issuance of county warrants is purged by the expiration of his term of office, thereby ending the controversy.

MANDAMUS—AGAINST COUNTY OFFICERS—EXPIRATION OF TERM. A judgment in mandamus compelling a county auditor to issue county warrants is not affected by the expiration of his term of office and the consequent termination of contempt proceedings against him.

Appeal from an order of the superior court for Whatcom county, Pemberton, J., entered May 17, 1916, committing the defendant to jail as for a contempt, after a trial before the court. Reversed.

*W. P. Brown* and *Loomis Baldrey,* for appellant.
*Brown, Peringer & Thomas,* for respondent.

WEBSTER, J.—On May 2, 1914, respondent applied to the superior court of Whatcom county for a writ of mandate commanding appellant, as auditor of Whatcom county, to

[1]Reported in 164 Pac. 741.

countersign and register, in the manner prescribed by law, two certain warrants which were alleged to have been drawn in due and regular form by the school board of school district No. 32 in that county. It was alleged that the warrants had been presented to the auditor with the request that he countersign and register them, but that he had refused to do so. An alternative writ of mandate was issued ordering the auditor to countersign and register the warrants, or to appear and show cause, at a time designated, why he refused to do so. Such proceedings were had in the cause that, on June 20, 1914, the alternative writ of mandate was made peremptory and the auditor was commanded to countersign and register the warrants. On July 31, 1914, Lyman Seelye and wife, as residents and taxpayers of school district No. 32, commenced an action in the superior court, making the school district and certain individuals, including appellant, as auditor for Whatcom county, parties defendant, and prayed, among other things, that the auditor be restrained and enjoined from countersigning or registering the warrants which he had theretofore been ordered to countersign and register in the mandamus proceeding. A temporary order was granted restraining the auditor from countersigning or registering the warrants, and on August 4, 1914, by order of court, the temporary restraining order was continued in force pending the final determination of the action. On February 7, 1916, respondent filed a motion supported by affidavit for a citation against appellant, ordering him to appear and show cause why he should not be punished for contempt for failing and refusing to obey the peremptory writ of mandate issued on June 20, 1914. The citation issued and such steps were taken that, on May 17, 1916, the court entered an order committing appellant to the county jail until he should obey the command of the writ by countersigning and registering the warrants. From this order, the present appeal is prosecuted.

On February 21, 1917, appellant filed in this court his affidavit setting forth that his term of office as auditor for

Whatcom county expired on January 8, 1917, and since that date he has not been connected with that office in any capacity; that he now is the duly elected, qualified and acting sheriff of Whatcom county. At the oral argument, it was conceded that the statements contained in the affidavit were true.

It will be observed that the peremptory writ of mandate was directed to appellant in his official capacity as the auditor of Whatcom county, and the judgment in the contempt proceeding ordered appellant committed to the county jail until he should obey the writ. It being now conceded that appellant's term of office as auditor has expired and he no longer has authority to countersign or register the warrants, and it is therefore impossible for him to obey the writ, we are constrained to hold that the contempt has been purged and the controversy has ended.

The judgment in the mandamus proceeding is in no way affected by this appeal, and respondent must be relegated to her rights thereunder as against the present auditor of Whatcom county.

The cause will be remanded with direction to cancel and set aside the order committing appellant to the county jail until the warrants shall be countersigned and registered.

ELLIS, C. J., MORRIS, MAIN, and CHADWICK, JJ., concur.