[No. 14480. Department Two. April 25, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Georgia O'Neil, Respondent,* v. WILL D. WALLACE, *Auditor of Whatcom County, Appellant.*[1]

MANDAMUS—EXCUSE FOR NONCOMPLIANCE — SUBSEQUENT GARNISHMENT. A county auditor is not excused from complying with a writ of mandate directing the issuance and delivery of two certain warrants to the relator by the fact that, in a subsequent action, he had been garnished in an action against the relator and had answered that he held the warrants and could not make delivery by reason of the writ of garnishment.

SAME—EXCUSE FOR NONCOMPLIANCE—SUBSEQUENT INJUNCTION. In such a case, it is no excuse for failing to comply with the writ that, in a subsequent action, the same court had issued an injunction restraining him from doing the things commanded in the writ of mandamus; since there is no jurisdiction to grant an injunction to stay proceedings on a mandamus.

Appeal from an order of the superior court for Whatcom county, Pemberton, J., entered July 31, 1917, directing the defendant to countersign, register and deliver certain warrants to the relator, or be committed to jail until compliance therewith. Affirmed.

*W. P. Brown* and *Loomis Baldrey,* for appellant.
*Brown, Peringer & Thomas,* for respondent.

MOUNT, J.—This appeal is from an order of the lower court directing the appellant to countersign and register two certain warrants and deliver them to the relator forthwith or be committed to jail until he complies with the order of the court. This is the second appeal. When it was here before, it was dismissed because the term of office of the county auditor expired while the case was here on appeal. We were of the opinion that the county auditor could not be required

[1]Reported in 172 Pac. 581.

to countersign and register the warrants after his term of office had expired, and we remanded the case with directions to set aside the order of the court committing the former auditor. We stated in that opinion (96 Wash. 107, 164 Pac. 741):

"The judgment in the mandamus proceeding is in no way affected by this appeal, and respondent must be relegated to her rights thereunder as against the present auditor of Whatcom county."

The facts leading up to the order complained of by this appeal are sufficiently stated in that opinion and need not be repeated here. After the remittitur went down, the present appellant also refused to countersign and register the warrants, and an order was issued requiring him to comply with the mandate of the court or show cause why he should not be punished for contempt. In answer to the show cause order, he alleged that, in the action of Seelye and wife against the respondent and others, an injunction was issued restraining him from countersigning, registering and delivering one of the warrants, and that he could not countersign, register and deliver that warrant without being in contempt of the injunction order. He also made answer to the effect that, in the case of Seelye against the respondent and others, a judgment for costs had been rendered against the relator, and that he had been served with a writ of garnishment and had answered that he had these warrants in his possession, and that, by reason of this writ of garnishment, he could not deliver either of the warrants. The trial court concluded that this answer was insufficient, and entered an order requiring him to forthwith countersign, register and deliver these warrants to the relator or be committed to jail until he complied with the order. This appeal followed.

We think it is plain that the writ of garnishment did not prevent the appellant from countersigning and registering the warrants. The court would, no doubt, protect the appellant by requiring delivery of the warrants to the clerk of the court, there to abide any valid judgment which any person had against the relator. So it is plain that the fact that a writ of garnishment was served upon him and that he had made answer thereto in nowise prevented the appellant from complying with the order of the court.

It is next contended that the court erred in requiring the appellant to countersign, register and deliver the warrants because of the injunction which was issued restraining the appellant from delivering the warrants. We think there is no merit in this contention. As will be seen by a reference to the facts upon the other appeal (96 Wash. 107, 164 Pac. 741), on July 31, 1914, more than a month after the peremptory writ of mandate was issued by the trial court, Seelye and wife commenced an action to restrain the appellant from countersigning and registering the warrants. After a time—the record in this case does not show when—the same court, presumably by another judge—the record does not show the fact in this regard—issued a permanent injunction restraining the appellant from countersigning, registering and delivering one of these warrants. It is argued by the appellant that, if he was required to obey the original mandate of the court to countersign, register and deliver these warrants, he would be in contempt of the order of injunction issued by the same court. We are satisfied such result does not follow. The rule is stated in 14 R. C. L., at page 406, as follows:

"It is held that there is no jurisdiction to grant an injunction to stay proceedings on a mandamus, or on an indictment, information or a writ of prohibition,

and that therefore the enforcement by a court of law of an adjudication for contempt in disobeying a peremptory writ of mandamus, cannot be enjoined.''

High, in his work on Extraordinary Legal Remedies (3d ed.), at § 23, on page 29, states the rule as follows:

''And the rule is well established that the writ will not be granted to compel the performance of an act which has been expressly forbidden by an injunction in the same court or in another court of competent jurisdiction, or whose performance would be in direct violation of an existing injunction, even though the person seeking relief by mandamus is not a party to the injunction suit. Courts will not compel parties to perform acts which would subject them to punishment, or which would put them in conflict with the order or writ of another court, nor will the court, in such cases, to which application is made for a mandamus, inquire into the propriety of the injunction. And when it appears by the record that the respondent is already enjoined in the same court from performing the act sought, and that the injunction suit will determine the question involved, a mandamus will not be granted. If, however, the court granting the mandamus has first acquired jurisdiction of the subject-matter, it will not permit its jurisdiction to be ousted by the subsequent granting of an injunction by another court, restraining the respondent from doing the act in question. And in such case the court granting the mandamus will exact obedience to its mandate, notwithstanding the granting of the injunction.''

And in High on Injunctions (4th ed.), vol. 2, at § 1317, on page 1334, it is said:

''An injunction restraining a public officer from performing a particular act will not be allowed to have the effect of preventing the performance of the act, under a peremptory writ of *mandamus* previously granted by a court of competent jurisdiction. Thus, where a county judge is directed by a peremptory *mandamus* to issue county bonds in aid of a subscription to a railway, a subsequent injunction restraining

him from issuing such bonds presents no obstacle to the enforcement of the *mandamus*. . . ."

"Courts will not ordinarily compel officers to put themselves in positive conflict with a writ or order of another court and will not interfere by mandamus with the obedience of an injunction issued by a court of competent jurisdiction, and it has been held that obedience to such an injunction will be a sufficient protection if the directions of the subsequent writ of mandamus are not obeyed in violation of the injunction. But an injunction restraining defendant from performing the command of a peremptory writ of mandamus will be no excuse for non-compliance with such writ; . . ." 26 Cyc. 497.

"Equity has no jurisdiction to grant an injunction to stay proceedings on a mandamus or a writ of prohibition, and the effect of a supersedeas cannot be controlled or destroyed by injunction." 22 Cyc. 811.

To the same effect is High on Injunctions (4th ed.), vol. 1, § 68, page 86.

Merrill on Mandamus, § 312, page 375, states the rule as follows:

"A chancery court has no authority to enjoin further proceedings in an application for a *mandamus*. 'The reason is, that a *mandamus* is not a writ remedial, but mandatory. It is vested in the king's superior court of common law to compel the inferior courts to do something relative to the public. That court has a great latitude and discretion in cases of that kind; can judge of all the circumstances, and is not bound by such strict rules as in cases of common rights.' It is said, that to allow such interference would interrupt the course of judicial proceedings, and lead to a conflict of jurisdiction, producing the greatest confusion, and tending to subvert the administration of justice. The court which first obtains jurisdiction in any matter will not be deterred from issuing a peremptory mandate therein, by the fact that another court, in proceedings subsequently begun, has issued an injunction restraining the parties from prosecuting the matter further."

It is plain from the record in this case that the injunction suit was brought to restrain the very act that the court by mandate had directed and ordered to be done.  The injunctional order simply confused the appellant, and the writ of garnishment further confused him, so that he did not know what his duty was in the premises.  Under the authorities above cited, which are not controverted by the appellant—and no authorities are cited to the contrary—it was the duty of the appellant to obey the original mandate of the court to countersign, register and deliver these warrants.  The same court, and no other court, had jurisdiction to avoid that order except by proceeding in the original action.  It was never appealed from; it became final and determined the whole matter; and neither the injunctional order nor the writ of garnishment had the effect to prevent the appellant from executing the mandate of the court.

The judgment appealed from is therefore affirmed.

Ellis, C. J., and Chadwick, J., concur.