MICHAEL GLASSER, Plaintiff, *v.* THE CITY OF BUFFALO, AGNES PHILLIPS and Others, Defendants.

(Supreme Court, Erie Equity Term, April, 1921.)

City of Buffalo — charter of 1916, § 264(3)— constitutional law — statutes — police — injunctions — pensions — State Constitution, art. VIII, § 10 — Laws of 1895, chap. 137.

> The provision of section 264(3) of the 1916 charter of the city of Buffalo, that the common council, in its discretion, may grant a pension to widows of deceased members of the police force, etc., is in violation of section 10 of article 8 of the constitution of the state.

> Where a member of the police force of the city of Buffalo was retired on a pension in 1897, and died five years later, the plaintiff in an action to enjoin the payment of a pension granted to his widow in 1919, by the trustees of the police pension fund, will be granted the relief prayed for.

> The widow can have no relief under the statute (Laws of 1895, chap. 137) which confines the granting of such pensions to cases "where death or retirement has occurred prior to the passage of this act."

ACTION for an injunction.

Frederick O. Bissell, for plaintiff.

William S. Rann, for city and others.

Paul Sheehan, for defendant Agnes Phillips.

WHEELER, J. The plaintiff seeks to enjoin the trustees of the police pension fund of the city of Buffalo from paying to the defendant Agnes Phillips a pension granted on September 26, 1919. She is the widow of William G. Phillips, who was a member of the Buffalo police force from 1869 until February 17, 1897,

when he was retired on a pension. On August 28, 1902, Phillips died. On September 26, 1919, after a hearing the trustees of the pension fund granted Mrs. Phillips a pension. This was granted pursuant to the authority of subdivision 3 of section 264 of the charter of the city of Buffalo, providing among other things as follows: "And the council may, in its discretion, and by a majority vote and in accordance with the provisions of this act, grant pensions to widows of deceased members of the police force, and to annuitants under the police life insurance fund or police pension fund, where death or retirement has occurred prior to the passage of this act, and has been caused by disability acquired in the service of the department."

There is no claim but that the council had authority to grant the pension attacked provided the act is constitutional. It is claimed, however, that the act is unconstitutional, and violates the provisions of article III, section 28, of the State Constitution, reading as follows: " The legislature shall not, nor shall the common council of any city, nor any board of supervisors grant any extra compensation to any public officer, servant, agent or contractor."

We think, however, that section 10 of article VIII of the Constitution of the state is more applicable. This provides, " No county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual," etc.

The only legislative authority we can find undertaking to empower the board of trustees of the police pension fund to grant annuity to persons situated as Mrs. Phillips is, is that contained in subdivision 3 of section 264 of the present charter of the city of Buffalo, which went into operation in 1916, fourteen years after the death of Captain Phillips.

It is true that by chapter 137 of the Laws of 1895, amending the charter of the city of Buffalo, relating to the police pension fund of the city the trustees of that fund were authorized in their discretion to " grant pensions to widows of deceased members, and to annuitants under the police life insurance fund where death or retirement has occurred prior to the passage of this act, and has been caused by disability acquired in the service of the department."

It however will be noted that such pensions to widows are by the very terms of the act confined to cases *" where death or retirement has occurred prior to the passage of this act,"* which became a law in 1895. It could not inure to the benefit of Mrs. Phillips, because her husband was not retired until 1897. Consequently from the date of his retirement in 1897, or death in 1902, there was nothing on the statute books authorizing any pension or annuity to her.

The revised charter of the city of Buffalo, passed in 1916, did contain the provision quoted ostensibly conferring the power to pension Mrs. Phillips.

We are however of the opinion that in this particular the statute is unconstitutional and void.

Similar statutes have been condemned by the Court of Appeals. *People ex rel. Waddy* v. *Partridge,* 172 N. Y. 305; *Mahon* v. *Board of Education,* 171 id. 263; *Bush* v. *Board of Supervisors,* 159 id. 212.

The police pension fund is a public fund. *Mahon* v. *Board of Education,* 171 N. Y. 265.

When the board of trustees of that fund voted an annuity to Mrs. Phillips they were giving away public moneys to one who had no possible claim to them by reason of any law existing at the time of her husband's retirement or at the time of his death. Such an appropriation of the pension fund violated the provisions of the Constitution quoted, and is an unlaw-

ful act against which a taxpayer may maintain an action.

The theory of the law is that unless Captain Phillips at the time of his retirement or at the time of his death had some vested or contract right to pension or annuity for his widow the payment of such an annuity from public funds is a mere gratuity to the beneficiary, forbidden by the Constitution.

We reach the conclusion that the plaintiff is entitled to a decree for the relief asked, without costs however of this action.

Ordered accordingly.