## In Re ANTHONY.

No. 4607.   Decided May 10, 1928.   (267 P. 789.)

*Romney, Nelson & Eccles,* of Salt Lake City, for plaintiff Anthony.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant.

CHERRY, J.

This is an original action in this court to review an order made by the Industrial Commission dismissing the application of E. D. Anthony for a fireman's pension under chapter 46, Laws of Utah 1919, as amended by chapter 53, Laws of Utah 1921, and by chapter 8, Laws of Utah 1927.

It was represented in the application: That the applicant entered the service of the Salt Lake City fire department on October 4, 1908, and served continuously until July 19, 1919, when he was injured in an accident in the performance of his duty which incapacitated him from active duty. That he had received compensation under the Workmen's Compensation Act. (Comp. Laws 1917, §§ 3061-3165) for disability resulting from his injuries from July 19, 1919, to August 1, 1925. That in October, 1926, his application for re-employment by the Salt Lake City fire department was refused upon the ground that he was physically unfit for duty as the result of the accident.

By chapter 46, Laws of Utah 1919 (§ 3), a pension is authorized to be paid only to a paid fireman who has performed 20 years active service in a regularly constituted fire department and who is of the age of 60 years and upward. Section 4 of this act provided that any paid or volunteer fireman who is injured or disabled in the line of duty shall receive benefits in accordance with the provisions of the Workmen's Compensation Act.

By the Amendment of 1921 (Laws of Utah 1921, chap. 53), the right to a pension was extended to any paid fireman who has performed 20 years active service and who is of the age of 60 years and upwards and to any paid fireman who has performed 20 years active service and who has not reached the age of 60 years who furnishes satisfactory proof of physical or mental disability, etc.

By the amendment of 1927, effective May 10, 1927 (Laws of Utah 1927, chap. 8), it is provided:

"Sec. 3. Any paid fireman coming within the following requirements may retire or may be retired from active service and receive a monthly pension equal to one-half of the actual monthly wage of such person at the time of his retiremen, but in no instance shall such pension exceed $100.00 per month, to wit:

"(a) Any paid fireman who has performed twenty years active service in a regularly constituted fire department of a city, town or county in this state and who is of the age of sixty years and upwards.

"(b) Any paid fireman who has performed ten years active service in a regularly constituted fire department of a city, town or county in this state and who is suffering from a physical or mental disability which incapacitates him from active service.

"(c) Any fireman who is suffering from a mental or physical disability rendering him unfit for active duty where such disability is the result of an accident, injury or exposure while in the performance of duty.

"The commission is empowered to hear and determine an application for such pension prior to actual retirement of applicant upon statement of intention to retire, but payment of pensions shall not commence until the actual retirement of such fireman and until his name has been removed from the payroll of the city, town or county.

"Any fireman who is entitled to compensation under the provisions of the Workmen's Compensation Act shall not be entitled to any of the benefits of this act during the period for which he is entitled to such compensation, but at the expiration of such period his right to pension benefits shall attach."

It is plain, under the facts stated, that the applicant was not entitled to a pension under the provisions of the Act of 1919 or the amendment of 1921. Such is not claimed. The only question is whether the claim can be sustained under the amendment of 1927. The Industrial Commission was of opinion that it could not, and dismissed the application.

The fact was established that for the injury and disability complained of the applicant was paid weekly compensation under the Workmen's Compensation Act by Salt

Lake City for a period of six years, the payments aggregating $4,785.38, besides $121 for medical treatment. This was all the benefits or relief which could be claimed by applicant under the law then in force.

The amendment of 1927 authorizes additional benefits to firemen. The decisive question here is whether the act is for the relief only of those properly denominated firemen at and after the passage of the act, or whether it is intended to relate back and include all those who have been firemen in the past.

The Act of 1919, § 2, of which the Act of 1927 is an addition and amendment, defines a "paid fireman" as an individual who is on the pay roll and devotes his entire time of employment to a regularly constituted fire department, and a "volunteer fireman" as one who follows other lines of employment but who is on the rolls of a regularly constituted fire department, etc. These definitions, which are a part of the act as amended, are in the present tense, and quite clearly indicate an intention to provide for the relief only of those who are occupying the status of firemen at or after the enactment of the law. The intention to include those persons who in the past were, but at and since the passage of the amendment were not and have not been, firemen within the statutory definition, is not supported by the language of the act, nor by its context or apparent purpose. We think it a necessary conclusion that the amendment of 1927 does not extend the benefits provided for to any persons except those who were firemen at or after the passage of the amendment.

This was a sufficient reason for the order of the Industrial Commission denying the application.

After the application was dismissed, petitioner filed a petition for a rehearing before the Industrial Commission, in which he represented for the first time that on September 7, 1926, he had been admitted as a regularly enrolled member of the Midvale city fire depart-

ment at a salary of $1 per month, and that he was still a member of the same. The petition for rehearing was properly denied.

It is an utter contradiction for one to contend that he is physically unfit for duty as a fireman as the result of an accident, and, then, in order to qualify himself as a beneficiary of the act, to claim status as a fireman acquired after his injury and during his disability. The fact that he became a member of the Midvale city fire department in 1926 and continued as such since precludes him from claiming to be physically unfit for duty as such.

The order of the Industrial Commission is affirmed.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.