**HICKS et al. v. SANDERS, County Treasurer (EDWARDS, Intervener).**

No. 18662. Opinion Filed July 17, 1928.

(Syllabus.)

1. **Evidence — Presumption That Officers Discharged Duties.**

Until the contrary is made to appear, the law presumes that officers have discharged the duties which the law imposes upon them.

2. **Injunction—Lack of Jurisdiction to Enjoin Officer from Complying with Writ of Mandamus.**

A court has no jurisdiction to enjoin an officer from complying with the terms of a peremptory writ of mandamus previously issued out of the same court.

Appeal from District Court, Cherokee County; Enloe V. Vernor, Assigned Judge.

Action by Ed Hicks and others against James S. Sanders, County Treasurer, Cherokee County, wherein E. D. Edwards intervened. From the judgment, plaintiffs appeal.

Bruce L. Keenan and Jefferson T. Parks, for plaintiffs in error.

Kathryn Van Leuven, for intervener.

CLARK, J. This action was begun by the plaintiffs in error, as plaintiffs, in the district court of Cherokee county, to enjoin James S. Sanders, county treasurer of said county, from selling certain town lots in the city of Tahlequah for the payment of outstanding warrants issued against said lots for the construction of sewers. Plaintiffs alleged ownership of the lots affected, and that the said county treasurer had advertised the property for sale for the payment of said warrants, and that said warrants were wrongfully issued and void, and that no proper assessment or levy for the payment of the same had ever been made as required by law, and that by reason thereof, the said county treasurer had no right or authority to make a sale of said property.

On account of the disqualification of the judge of the district court, a restraining order was issued by the judge of the county court, and thereafter upon application the defendant in error, E. D. Edwards, was permitted to intervene and file in said cause his motion to dissolve said temporary restraining order, and, among the grounds therefor, alleged that, prior to the issuance of said restraining order, the district court had issued a peremptory writ of mandamus requiring the proper officials of the city of Tahlequah and Cherokee county to perform their statutory duties in the matter of providing payment and cancellation of said warrants, and that the restraining order issued in this cause contravenes said writ of mandamus. Upon a hearing, the trial court dissolved said restraining order, and from which order the plaintiff in error appeals. It appears from the record in this case that the sewer warrants in question were issued in the year 1912, and the assessment and levy thereof appears on the tax roll of Cherokee county for the year 1914, but, for reasons not fully disclosed, payment of said special taxes had not been enforced, and that on February 24, 1926, the intervener, E. D. Edwards, the owner of said warrants, procured a peremptory writ of mandamus against the city officials of the city of Tahlequah and the county officials of Cherokee county, requiring them to perform such acts as necessary to collect

said special assessment and, upon failure to collect the amount due on each individual lot, together with interest thereon, that they would proceed to execute and carry out severally and collectively each successive step required by law for the collection and cancellation of said warrants. In pursuance of said writ, the county treasurer gave notice of sale of said lots for the payment of said warrants to be had on the first Monday in November, 1926.

The plaintiff urges no lien was created against the property sought to be sold, for the reason the levy was not made each year to discharge maturing installments on said warrants and certified to the county clerk as required by section 4407, C. O. S. 1921, but that the purported assessment and levy was certified to the county treasurer and by the treasurer placed upon the tax roll. The record discloses the assessment and levy appears on the tax roll of the year 1914, showing assessment and levy for the years 1912-1914, and that the tax rolls were prepared by the county assessor and delivered to the county treasurer, and, in the absence of a showing to the contrary, it is presumed that the assessment and levy were properly made and certified to the proper officer before the same was placed upon the tax roll. "Until the contrary is made to appear, the law presumes that officers have discharged the duties which the law imposes upon them." Southern Surety Co. v. Waits, 45 Okla. 513, 146 Pac. 431; Southwestern Surety Ins. Co. v. Davis, 53 Okla. 332, 156 Pac. 213; Board of County Commissioners of Garfield County v. Field, 63 Okla. 80, 162 Pac. 733.

The fact that some time later the city clerk certified to the county treasurer a list of unpaid coupons attached to the sewer warrants issued in payment for the construction of said sewer would in no way affect the validity of this assessment and levy or the placing thereof upon the tax roll.

The county treasurer, in proceeding to sell the property involved in this action, was acting under the terms of the peremptory writ of mandamus issued by the court, directing him as such treasurer to take the necessary steps required by law for the cancellation of said warrants, and, where payment had been refused for a period of fourteen years, it would appear that the sale of the property for the payment of the lien created would be a necessary step.

In the case of the State ex rel. O'Neill v. Wallace, 101 Wash. 410, 172 Pac. 581, the Supreme Court of the state of Washington held that, where a county auditor had been directed by writ of mandamus to countersign, register, and deliver certain school district warrants, he is not excused from complying therewith by a writ of injunction subsequently issued restraining him from doing the act commanded him by the mandamus writ, and the injunction is of no effect, and will not excuse non-compliance, and cited in support thereof High on Injunctions (4th Ed.) vol. 2, at §1317, p. 1334, where it is said:

"An injunction restraining a public officer from performing a particular act will not be allowed to have the effect of preventing the performance of the act, under a peremptory writ of mandamus previously granted by a court of competent jurisdiction."

And in 14 R. C. L. 406, the rule is laid down that there is no jurisdiction to grant an injunction to stay proceedings on a mandamus. And in Merritt on Mandamus, § 321, p. 375, the rule is stated as follows:

"A chancery court has no authority to enjoin further proceedings in an application for a mandamus."

And in 22 Cyc. 811, the rule is laid down as follows:

"Equity has no jurisdiction to grant an injuction to stay proceedings on mandamus or writ of prohibition."

The district court of Cherokee county having issued peremptory writ of mandamus, was without jurisdiction to enjoin the county treasurer from complying with the terms of the writ, and the restraining order issued in this cause was improperly issued, and the trial court did not err in dissolving the same.

The trial court and the parties to this action seem to have treated the motion to dissolve the restraining order issued in this cause as an answer and the hearing on said motion as a trial at which the court rendered judgment covering the issues joined, and though the court had no jurisdiction to issue the restraining order, other questions involved in the issues were within the jurisdiction of the court.

We have examined the record in this cause, and find no reversible error therein.

Judgment of the trial court is affirmed.

LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 22 C. J. p. 130, §69; 22 R. C. L. p. 472; 4 R. C. L. Supp. p. 1467; 5 R. C. L. Supp. p. 1206; 6 R. C. L. Supp. p. 1328. (2) 32 C. J. p. 112, §130; 14 R. C. L. p. 407; 3 R. C. L. Supp. p. 227.