**STAGG v. BOARD OF TRUSTEES, etc.**

No. 19833. Opinion Filed Dec. 16, 1930.

Rehearing Denied Feb. 17, 1931.

Harry L. S. Halley and E. P. Hicks, for plaintiff in error.

C. B. Rockwood, for defendants in error.

HEFNER, J. E. R. Stagg was a member of the fire department of the city of Sapulpa. In 1916 he was retired under chapter 244 of the Session Laws of 1913, at which time he was drawing a salary of $100 per month, which entitled him to a pension of $50 per month, and this amount was paid to him to May 25, 1920, at the time of his death. Surviving him was his widow, Mrs. E. R. Stagg, the plaintiff in error herein. Her claim was that after her husband's death she was entitled to a pension in the same amount that he drew, and she based her claim upon section 1 of chapter 35 of the Session Laws of 1921, which amended section 4 of chapter 244 of the Session Laws of 1913. The amendatory act took effect in July, 1921, more than one year after the death of Mr. Stagg. The district court awarded the claimant a judgment for the amount of the pension. On motion for a new trial the court concluded that she was not entitled to recover and granted a new trial, and it is from this order that she has brought the case here for review.

The question to be determined is whether a widow of a fireman who died prior to April 2, 1921, the date of the amendment, would continue to receive the pension that her deceased husband received. In other words, Was it the intention of the Legislature to make the amendatory act retroactive so as to include the widow of a fireman who had died prior to the passage of the amend-

ment. The original act with the amendment thereto is as follows:

"That section 4, of chapter 244, Session Laws of Oklahoma, 1913, be and the same is hereby amended to read as follows:

"Section 4. Any person, at the taking effect of this act, or thereafter, who shall have been duly appointed and enrolled, and has served for a period of 20 years or more in some fire department in the state of Oklahoma, as now constituted, five years of which shall have been consecutive, immediately preceding the end of such period, as a member in any capacity or rank whatever, of a regularly constituted fire department of any such city or town, which is or may hereafter be subject to the provisions of this chapter, and his service in such fire department shall have ceased, shall be entitled to be retired from such service and shall be entitled to be paid from such fund a monthly pension equal to one-half of the salary attached to the rank which he may have held in said fire department, preceding the date of such retirement, whether said service be performed as a volunteer, or a member of a part paid or full paid department: **in the event of the death of any person who has been awarded A PENSION UNDER THE provisions of this act, his widow, children or other person wholly dependent on such pension for support shall be paid the pension so awarded, provided, whenever a widow, child, or children should marry, or child or children shall become the age of 16, they shall receive no further pension.**"

The portion of the act in emphasis was the amendment added in 1921.

A similar question was before the Supreme Court of Illinois in the case of Eddy v. Morgan, 75 N. E. 174. There the widow of a policeman was claiming the pension drawn by her deceased husband during his retirement. Her claim was based on an amendatory statute which was passed subsequent to the death of her husband. There that court said:

"We are unable to find in the words or provisions of the act that which satisfied our minds that it was the intention of the Legislature that it should have a retrospective effect. Section 3, alone of the act of 1887, was amended, and the Legislature saw fit to preserve to the policemen then in service the rights that had accrued by virtue of the act of 1887, and to confer upon the widows that should survive such officers the right they had not before that time had to succeed to the pension of their deceased husbands who had died in retirement. We may say the act went further, and preserved the rights not only of the officers in active service, but of the officers drawing pensions

under retirement by virtue of the act of 1887. But to say that, where a retired officer had died while drawing a pension, and previous to the amendment, it is the intention of the act to confer the pension her deceased husband had been drawing, or any pension upon his widow, is more than we are able to do."

The same rule has been announced by the courts of New York, California, and Utah in the cases of People ex rel. Waddy v. Partridge, 65 N. E. 164; Clarke v. Police Life & Health Insurance Board (Cal.) 59 Pac. 994, and In re Anthony (Utah) 267 Pac. 789.

There is nothing in the act that shows it was the intention of the Legislature to make it retroactive. If the intention to give the act a retrospective effect is not clearly found in the act, the doubt must be resolved against the retrospective effect and the act must be given prospective effect only. The language of the act seems clear that there was no intention to give it a retrospective effect. To give it such an effect the language of the act must show a clear intention on the part of the Legislature to do so. Since Mr. Stagg died before the amendment was passed by the Legislature, and since the Legislature did not make the act retroactive, the appellant cannot recover under the act, and the judgment of the trial court in granting a new trial is affirmed. On remand the case should be dismissed.

LESTER, V. C. J., and HUNT, RILEY, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and CLARK, J., absent.

Note.—See under (1) 25 R. C. L. p. 787 et seq. R. C. L. Perm. Supp. p. 5609; R. C. L. Continuing Perm. Supp. p. 1011.