STATE, *ex rel.* J. R. DURRANCE, v. CITY OF HOMESTEAD, *et al.*

169 So. 593.
Division A.
Opinion Filed August 3, 1936.

*Casey & Walton* and *David B. Newsome,* for Plaintiff in Error;

*Ernest P. Roberts* and *Ernest E. Roberts,* for Defendants in Error.

DAVIS, J.—Where a peremptory writ of mandamus issues out of a court of competent jurisdiction the only legitimate response to such writ is that of compliance wtih its command *ad litteratam.*

The peremptory writ must strictly follow the alternative writ and is never granted unless the requirements of the alternative can be performed. State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 Sou. Rep. 213, 13 L. R. A. (N. S.) 320, Ann. Cas. 359; State v. Gibbs, 13 Fla. 55, 7 Am. Rep. 233; State, *ex rel.* Gillespie v. Thursby, 104 Fla. 103, 139 Sou. Rep. 372; State, *ex rel.* West, v. Florida Coast Line Canal, etc., Co., 73 Fla. 1006, 75 Sou. Rep. 582, L. R. A. 1917F 776.

Since a peremptory writ of mandamus is issued only when and if it can be enforced, and since the judgment awarding a peremptory writ is in the effect an adjudication by the court issuing it that respondents have it within their power, if they wish, to obey its commands, the only response that is permissible to a peremptory writ of mandamus when issued, is the return of strict and literal performance of what it commands. State v. McLin, 16 Fla. 17; State, *ex rel.* DuPont Ball, Inc., v. Livingston, 104 Fla.

33, 139 Sou. Rep. 360. And as evidence of such performance a certificate showing the doing of the acts commanded to be done is the only permissible return to the peremptory writ. State v. Board of County Canvassers of Alachua County, 17 Fla. 9; State v. Tavares & G. R. Co., 78 Fla. 329, 82 Sou. Rep. 833.

The only exception to the foregoing rule is where *subsequent* to a judgment awarding a peremptory writ of mandamus a supervening and superogatory authority has made the doing of the acts commanded unlawful or impossible thereby bringing about a change of conditions occurring *after* the issuance of the peremptory writ that thereupon make compliance with its commands improper to be exacted, in which case a special return in the nature of a petition for stay of execution of the peremptory writ is tolerated and allowed to be interposed for consideration by the court, in order that the innocent respondents may be enabled to protect themselves against conflicting requirements of two conflicting jurisdictions. In the latter instance, if the special return be ascertained to be well founded, the state court may stay the execution of its peremptory process of mandamus upon the same principal that it is allowed to stay under like circumstances the enforcement of any final process of execution that has been issued by its command or authority. State, *ex rel.* Davis, v. Atlantic Coast Line R. Co., 103 Fla. 1204, 140 Sou. Rep. 817, 824.

But all matters of law and fact that could have been pleaded in defense of compliance wtih the alternative writ *prior to the award of a peremptory writ* are foreclosed by the judgment awarding a peremptory writ of mandamus. And no evasive or dilatory allegations should be allowed to be set up in a return to a peremptory writ, as reasons why respondents have not obeyed the peremptory writ,

since the granting of a peremptory writ of mandamus implies that the parties respondent have been fully heard, or have had lawful opportunity to be heard, as to all justifications and excuses for not doing the things sought by the alternative writ of mandamus to be ordered in a peremptory writ of the same legal tenor and effect. State, *ex rel.* Bisbee, v. Board of County Canvassers of Alachua County, 17 Fla. 9.

Where an injunction, mandamus or other like process of a court has been allowed or adjudged to a party plaintiff upon due procedure invoked in the judicial forum therefor, it is the inescapable duty of the court to act for the vindication of the court's authority with respect to its outstanding and unrecalled writs and orders, and the party who has obtained such order or process has the legal right to demand and insist that such injunction, mandamus or other like process be enforced, and it is the duty of the court or judge having control over such process to see to it that the court's process or order is not disregarded or violated to the injury of the party seeking and obtaining same as a matter of judicial right in the premises. Seaboard Air Line R. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 Sou. Rep. 529, and cases cited.

The judgment below refusing to compel lawful obedience to the peremptory writ of mandamus issued in plaintiff in error's behalf should, for the reasons set forth in this opinion, now be reversed, and the cause thereupon remanded to the Circuit Court with directions to issue an order repeating the mandate of the peremptory writ, and directing strict compliance with the directions and order of the court in that regard, and requiring that the respondents therein named do perfectly execute the duty therein and thereby commanded by a specified reasonable date and hour to be

designated therein and that a rule be issued contemporaneously therewith, returnable at the same time, requiring the respondents to show cause why they should not be attached for contempt for their existing default in performance of the original peremptory writ as served upon them and not by them heretofore obeyed, as complained of in these proceedings. See: State, *ex rel.* Drew, v. State Canvassing Board, 16 Fla. 17; President, *ex rel.* Moran, v. Mayor of Elizabeth, 40 Fed. 799; United States v. Justices of Lauderdale County, 10 Fed. 460; United States, *ex rel.* Huidekopper, v. Buchanan County, 24 Fed. Cas. p. 1288, Case No. 14,679, 5 Dill. 285; *In re* Delgado, 140 U. S. 586, 35 L. Ed. 578, 11 Sup. Ct. 874.

In view of the fact that this was obviously a test case wherein the action of the respondents in subjecting themselves to attachment for contempt for disobeying the peremptory writ does not evidence any disrespectfully intentional disregard of the Court's judgment, nothing in this opinion is to be taken as inhibiting the Court below from discharging the attachments herein directed to be issued, without inflicting punishment thereon other than the payment of the costs occasioned by same, if the Circuit Court should be so advised.

Reversed and remanded with directions.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur in the opinion and judgment.