**STATE OF FLORIDA, ex rel., D. W. DRENNAN, as assignee of ALTON M. AKE, v. H. L. McCANN, et al., etc., (City of Fort Lauderdale).**

13 So. (2nd) 1                 January Term, 1943

April 6, 1943                    En Banc

*Manley P. Caldwell*, for appellant.

*T. O. Berryhill* and *C. L. Chancey*, for appellees.

PER CURIAM:

In October, 1934, peremptory writ of mandamus was directed to the City of Fort Lauderdale commanding it to levy taxes on its taxable property to pay bonds and bond coupons held by Alton M. Ake. The writ also required the levy to be spread over a period of ten years and no appeal was taken therefrom. The tax was imposed up to the years 1940 and 1941. $12,540.00 was collected and is now held by the City to satisfy the writ.

In January, 1942, Ake sold and transferred his interest in said taxes, including the peremptory writ, levies, and unpaid coupons to appellant D. W. Drennan. On July 24, 1940, the City moved to amend the peremptory writ. The motion recited the levies and collections thereunder, that $17,398.00 of the coupons had been presented for payment other than those of relator, that coupons in the amount of $17,732.00 covered by the peremptory writ were unpaid and outstanding and that the City had been restrained from paying over proceeds of said tax collections because of a certain suit brought by C. L. Chancey against Alton M. Ake and others. The motion also sought to amend the writ by vacating the provisions for levies beginning with the year 1940 until relator produced coupons outstanding and until the termination of the litigation by Chancey against Ake.

Testimony was taken in support of the allegations of this motion and on consideration of same, the Court entered an order amending the peremptory writ in its essential features as prayed for by the motion. The order also impounded the cash in the hands of the City until further order of the Court. On March 24, 1942, demand was made by Drennan for payment to him of the said funds amounting to $12,552.00, but his demand was refused.

In May, 1942, Drennan filed his petition for rule to show cause based on the facts so recited why the appellees should not be punished for contempt. Rule was issued returnable

May 26, 1942. The City answered assigning as reasons for refusal to obey the peremptory writ, (1) the order in response to the motion to amend, and (2) the order in the suit to Chancey v. Ake heretofore referred to. On consideration of the petition for rule in contempt, the answer thereto and the evidence taken thereon the Court entered a final judgment discharging the rule and dismissing the petition. This appeal is from the final decree.

The parties are at variance as to the content of the questions presented but respondents contend that they should be relieved from complying with the commands of the peremptory writ because of the injunction in Chancey v. Ake and because of the amendment to the writ heretofore referred to.

As to the injunction in Chancey v. Ake, the rule is settled in this country that when a peremptory writ of mandamus issues from a court of competent jurisdiction, the only answer is obedience to the mandate. The writ must be obeyed according to its terms. State ex rel. Durrance v. City of Homestead, 125 Fla. 105, 169 So. 593; State ex rel. O'Neil v. Wallace, 101 Wash. 410, 172 Pac. 581; Littlefield v. Town of Adel, 151 Ga. 684, 108 S.E. 56; Hicks v. Sanders, 132 Okla. 242, 269 Pac. 297.

In State ex rel. Davis, et al., v. Atlantic Coast Line R. R. Co., 103 Fla. 1204, 140 So. 617, this rule was approved and an exception thereto was pointed out but the instant case is not within the exception. We also recognized said exception in State ex rel. Heafie v. Butler, et al., decided November 3, 1942, not yet reported on authority of which this case could well be disposed of.

As to the attempted amendment of the peremptory writ more than five years after it was issued, we think it is sufficient to say that by a long line of decisions the Court had lost jurisdiction of the cause so the attempted amendment was void. Alabama Hotel Company v. Mott Iron Works, 86 Fla. 608, 98 So. 825. In so disposing of the cause, we do not overlook the attempt of appellees to bring themselves within the exception to the rule stated but under the facts of this case, they have failed to do so.

The judgment appealed from is accordingly reversed with directions to adjudge the respondents in contempt unless they promptly purge themselves by paying over the proceeds held by them to relator upon demand and surrender of the coupons.

It is so ordered.

BUFORD, C. J., TERRELL, THOMAS and SEBRING, JJ., concur.

BROWN, CHAPMAN and ADAMS, JJ., dissent.