**STATE OF FLORIDA ex rel. CORA H. WARREN, v. CITY OF MIAMI**

15 So. (2nd) 449                 June Term, 1943
November 2, 1943               Division A

*Boone & Boone, Robert J. Boone* and *David G. Newsom,* for appellant.

*John W. Watson, Jr.,* and *W. W. Charles,* for appellees.

CHAPMAN, J.:

On March 16, 1939, the Circuit Court of Dade County, Florida, issued its peremptory writ of mandamus under the several provisions of Chapter 15338, Special Acts of 1931, commanding the Miami Police and Fireman's Board to place on its pension roll the name of Cora H. Warren, widow of Millard M. Warren, a then deceased policeman of said city. The pension was effective as of October 2, 1938, and after October 2, 1938, the widow was to receive monthly from the fund the sum of $75.00 until her remarriage or death. The City of Miami complied with the terms of the peremptory writ of payment of the sum of $75.00 each month until May 2, 1943.

Chapter 18689, Special Acts of 1937, Laws of Florida, authorized the City of Miami to establish funds for the relief or pension of persons employed by the city in the classified and unclassified service. A pertinent provision of the Act is Section 3. It provides that, until the Commission of. the City of Miami shall establish a fund or funds for the relief

or pension of persons in the classified and unclassified service of said city, as provided in the Act, the existing laws and the existing funds for the relief or pension of persons employed by the City of Miami shall continue in full force and effect. The City of Miami enacted Ordinance No. 2230 under the provisions of Chapter 18689, supra,. and each became effective January 1, 1940, when previously existing laws and funds became inoperative. See Voohees v. City of Miami, 145 Fla. 402, 199 So. 313.

The City of Miami filed in the original cause a petition for a reduction of the amount of the monthly pension from $75.00 to $50.00. It was represented that the City had paid $75.00 monthly under the provisions of Chapter 15338, supra, but the fund was depleted because the City failed to levy for the years 1937, 1938, and 1939, a tax out of which the widow had been paid. The adoption of Ordinance No. 2230 under Chapter 18689, supra, rendered each effective January 1, 1940, thereby making Chapter 15338, supra ineffective, null and void and the monthly pension previously paid to the widow under Chapter 15338 was not such a vested right as precluded a repeal thereof by the Legislature. The Court below, on May 29, 1943, sustained this contention and ordered a reduction of the monthly payments. An appeal has been perfected therefrom to this Court. Counsel for the parties are not in accord as to the controlling question or questions presented here and on this record for adjudication.

Counsel for the parties are practically in accord as to the involved facts. If the Circuit Court of Dade County, after hearing the parties, on March 16, 1939, adjudicated the pension claims between them under the provisions of Chapter 15338, supra, and thereafterwards issued its peremptory writ of mandamus or final judgment, which commanded the City of Miami to pay $75.00 to the widow out of a designated fund and the City complied therewith each month from October 2, 1939, until May 2, 1943, then the pertinent question presented here is whether or not the pension claim of the widow, placed in repose at the sum of $75.00 per month by the final judgment of the Circuit Court of Dade County, became such a vested right so as to constitutionally preclude,

as applicable to the widow, the repeal of Chapter 15338, *supra,* by the enactment of Chapter 18689, *supra,* and the adoption by the City of Ordinance No. 2230, each effective January 1, 1940, ultimately reducing the widow's pension from $75.00 to $50.00 per month and changing the method of raising the funds for payment.

The case of State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292, involved a similar question to the one here presented. We held that Holton's right as a retired employee was not so vested as would preclude the Legislature by a subsequent Act from reducing from time to time the amount of retirement compensation provided it was not reduced so unreasonably low as to justify the inference that it amounted to taking property without due process. In the Holton case the claimant had not died, nor had the pension claims been reduced to final judgment, prior to the effective date of the repealing Act, as was done in the case at bar.

Chapter 19000, Acts of 1939, Laws of Florida, provided for the retirement of Circuit Judges, after having served twelve years and attained sixty years of age, having contributed to the Retirement Fund, became eligible for retirement from office on two-thirds pay, provided he did not engage in the practice of the law. We held in State ex rel. Stringer v. Lee, Comptroller, 147 Fla. 37, 2 So. (2nd) 127, that after the circuit judge had complied with all the several provisions of Chapter 19000, *supra,* and his resignation from office had been accepted, then the retiring officer acquired a "vested right" under the Act which could not be affected or altered adversely by subsequent legislation.

Section 1 of Chapter 15338, *supra,* created a pension and retirement fund for the members of the police and fire departments of the City of Miami. Section 2, Subsection (a) retained for the retirement fund two per cent of the montly salary of all policemen and firemen employed by the City; (b) all fines and penalties imposed on the members of the departments were paid into the fund; (c) rewards, fees, and gifts to the members of the departments were paid into the fund; (d) authorized the City to levy an annual tax not exceeding three-tenths of a mill, which should maintain the

fund at an amount not less than $500,000.00. Subsection (a) of Section 9 directed the payment of $75.00 per month to the widow of the deceased policeman or fireman until her remarriage or death.

In the case at bar the policeman died on October 1, 1938; he made monthly contributions to the pension fund; he was a member of the Miami police force; he left a widow. It is observable that the contingencies provided by Chapter 15338 for the maturity of the pension fund occurred prior to January 1, 1940, when the second pension system became effective. In the case of Pennie v. Reis, 132 U. S. 464, 33 L. Ed. 426, 10 S. Ct. 149, the Court held that on the happening of the enumerated events or the several contingencies the right to participate in the specific fund became vested in the officer or his representative; that a change in the law providing for pensions to policemen cannot deprive the widow of the deceased policeman of her right to the pension which vested in her upon the death of the husband, all of which happened before a change in the pension law. See McQuillan on Municipal Corporations, Vol. 2, (2nd Ed.) par. 530.1, p. 281; West v. Anderson, 187 Ga. 587, 1 S. E. (2nd) 671; Stagg v. Board of Trustees, 147 Okla. 172, 296 Pac. 417; Kavanagh v. Board of Police Pension Fund Com'rs., 134 Cal. 50, 66 Pac. 36; Gibbs v. Minneapolis Fire Dept. Relief Ass'n., 125 Minn. 174, 145 N. W. 1075; McBride v. Retirement Board, 330 Pa. 402, 199 Atl. 130; Bernero v. Retirement Board of Firemen's Annuity, etc., 297 Ill. App. 28, 17 N.E. (2nd) 75.

Counsel for appellee contends that the widow is barred here by our ruling or holding in the case of Voorhees v. City of Miami, supra; that it was a class suit and our construction of Chapter 18689 was retroactive and included her pension claims under Chapter 15338, supra. Our answer to this contention is Ordinance No. 2230, effective January 1, 1940. It did not include or attempt to regulate pension rights of policemen or firemen, then deceased, or formerly employed by the City of Miami, or the accrued rights of widows of either. We are unable to find in the provisions of Chapter 18689 or the Ordinance a reference to the rights of deceased employees, placed at rest by a judgment of a court of compe-

tent jurisdiction made and entered prior to the effective date of the Act or Ordinance.

Aside from the vested right question presented is the power of the lower court to enter the order of May 29, 1943, which amended or reduced the amount of monthly payments which were adjudicated by the final judgment or peremptory writ of the Circuit Court of Dade County on March 16, 1939. A judgment, although irregular in form, entered by a court having jurisdiction of the subject matter and the parties is conclusive so long as unreversed and cannot be collaterally attacked. See Ponder v. Moseley, 2 Fla. 207, 48 Am. Dec. 194; Crosby v. Burleson, 142 Fla. 443, 195 So. 202. On the other hand, a judgment in a civil cause may be collaterally attacked or impeached and set aside on bill in equity when it is alleged and proven that the judgment was obtained by fraud or collusion. See Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483.

It is generally recognized that where a mandamus proceeding has been heard and decided on its merits, the judgment rendered is conclusive against the parties and the several issues of law and all matters of fact directly involved and determined and stands as the law of the case until reversed or set aside. See Sauls v. Freeman, 24 Fla. 225, 4 So. 577; State ex rel. Durrance v. City of Homestead, 125 Fla. 105, 169 So. 593; State ex rel. Neafie v. Butler, 151 Fla. 686, 10 So. (2nd) 572. There is, however, an exception to the rule, as expressed in State ex rel. Davis v. A.C.L. RR. Co., 103 Fla. 1204, 140 So. 817, 824, but the instant case does not fall within the exception.

On issuance of the peremptory writ dated March 17, 1939, it then became the legal duty of the City of Miami to obey the commands of the peremptory writ and file therein a certificate showing performance. Or, in other words, the only answer that the City could have made to the peremptory writ was obedience to the mandate. See State ex rel. Drennan v. McCann, 152 Fla. 695, 13 So. (2nd) 1; State ex rel. Neafie v. Butler, supra; State ex rel. Havana State Bank v.

Rhodes, 124 Fla. 288, 168 So. 249; State ex rel. Durrance v. City of Homestead, *supra.*

The judgment appealed from is hereby reversed, with directions for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.