STATE, *ex rel.* HAVANA STATE BANK, a Corporation, v. JOHN B. RODES, Chairman, W. C. KLINGENSMITH, A. FORTENBERRY, C. SWEET SMITH and A. A. DUNN, and constituting the Board of County Commissioners of Brevard County, *et al.*

168 So. 249.

Division A.

Opinion Filed May 14, 1936.

*Gregory & Towles,* for Relator;
*Noah B. Butt,* for Respondents.

DAVIS, J.—The answer to the rule in contempt in this case sets up an honest and *bona fide* attempt on the part of respondents to comply with the commands of the peremptory writ of mandamus, therefore the return is held sufficient, the exceptions to same overruled and the rule in contempt discharged, without prejudice to the right of relator to seek other and further relief to collect what is its due.

In mandamus cases a certificate of compliance with the commands of a peremptory writ of mandamus stating detailed particulars of compliance, should be filed by respondents within the time fixed by the court. If the certificate of compliance so filed is not deemed sufficient or is claimed to be untrue, a further and better showing of compliance should be moved for by relator.

An insufficient certificate of compliance to a peremptory writ of mandamus, like any other insufficient pleading in a mandamus case, is subject to being stricken or quashed on relator's motion. See: State, *ex rel.* Travelers' Indemnity Co., v. Knott, 114 Fla. 820, 155 Sou. Rep. 115.

In this case the certificate of compliance heretofore filed by respondents has stood unchallenged in form or substance since August 13, 1934, the date of filing same. Such certificate shows a *bona fide* attempt at compliance with the the peremptory writ. And it has not been averred against as being false in the particulars wherein compliance has been returned as made.

Contempt rule discharged

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.