LILLIAN J. WATKINS, as Executrix of the Last Will and Testament of J. D. Watkins, Deceased, and THE COMMERCIAL BANK & TRUST COMPANY, as Administrator with the Will Annexed of the Estate of J. D. Watkins, Deceased, v. MRS. W. C. JOHNSON, J. B. WATKINS, THE PHIFER STATE BANK, FLORIDA NATIONAL BANK OF JACKSONVILLE, et al.

191 So. 2

Division B

Opinion Filed June 6, 1939

Rehearing Denied September 12, 1939

*Frank R. Greene,* for Appellants;

*Adkins & Arnow, J. C. Adkins* and *Winston E. Arnow,* for Appellees.

PER CURIAM.—On December 6, 1927, J. D. Watkins died testate in Alachua County, Florida, and his will was probated in the County Judge's Court of Alachua County, and Lillian J. Watkins was appointed and qualified as executrix, and the Commercial Bank & Trust Company was appointed as administrator, with the will annexed. The customary notice to creditors to file claims was published and the period of time allowed by law therefor expired in December, 1929, and the following claims were filed:

| | |
|---|---:|
| Phifer State Bank, two notes aggregating............$ | 10,000.00 |
| First National Bank of Gainesville, (liability as endorser)................:............................................. | 4,000.00 |
| Florida National Bank of Jacksonville (Note of J. D. Watkins for $20,000.00 on which $4,-000.00 principal had been paid............................ | 16,000.00 |
| Florida National Bank, note of J. D. Watkins for $7,500.00, balance of principal..................... | 7,273.38 |
| Carrie E. Watkins, John W. Barr......................... | 377,489.72 |

$414,763.10

The Phifer State Bank, on December 18, 1929, instituted suit in the Circuit Court of Alachua County against the estate and a default judgment in the sum of $12,298.60, including principal, interest and attorneys fees, was entered on March 8, 1930, against the executrix and administrator of the estate. The writ of execution on the judgment was sent to Duval County, Florida, and a levy was made upon real estate at that time standing in the name of J. D. Watkins, and the same was advertised and sold, and title thereto taken in the name of the Phifer State Bank. The writ of

execution was then delivered to the Sheriff of Alachua County, and a levy thereunder made against certain lands situated in Alachua County appearing in the name of J. D. Watkins, and the sale advertised to be held on the 3rd day of November, 1930.

The representatives of the Watkins Estate, on October 27, 1930, filed their bill of complaint in the Circuit Court of Alachua County, Florida, against the Phifer State Bank and the Sheriff of Alachua County, pursuant to the provisions of Section 5653, C. G. L., and suggested the insolvency of said estate and prayed that the Circuit Court of Alachua County assume jurisdiction thereof and administer upon the same as an insolvent estate. The bill of complaint recited that the lands levied upon by the Phifer State Bank, a judgment creditor, were of greater value than the amount of the judgment and that the estate had no funds, nor was it able to raise money because of the condition of the real estate market in 1930, and that if the sale was not enjoined, the lands would be sold and bought by the Phifer State Bank, a judgment creditor, at a nominal price and the assets of great value would be lost to the estate, and the Phifer State Bank unjustly enriched and unlawfully preferred over other creditors of the estate. Other allegations appeared in the bill of complaint so as to show a substantial compliance with all the requirements of Section 5653, C. G. L. All the then known creditors of the estate were made parties defendant.

Upon hearing of the application for temporary injunction against the sale of the property under execution, the Honorable A. V. Long, Circuit Judge, entered an order restraining the sale.

Pursuant to negotiations of counsel for the Watkins Estate and creditors thereof, an agreement was reached, and

petition drafted and presented to the Honorable A. V. Long, Circuit Judge, on November 30, 1931, seeking an order permitting and approving a compromise settlement of the claims of the creditors against the Watkins estate. The proposed settlement as described in the petition was approved on November 30, 1931, by Honorable A. V. Long, Circuit Judge.

On the 20th day of April, 1935, the Phifer State Bank filed its motion to dismiss the proceedings to administer upon the estate and to restrain the sale of the Alachua County property under the writ of execution of the Phifer State Bank against Lillie J. Watkins, *et al.,* on the grounds: (a) that the suit was filed on October 27, 1930; (b) Phifer State Bank filed its answer thereto on October 29, 1930; (c) petition for compromise settlement and an order approving the same was made October 28, 1931, and the compromise settlement had not been carried out; (d) the complainants had not taken any steps to bring the cause to a final hearing for more than three years past; (e) the motion to dismiss was filed under Section 14554, Laws of Florida, Acts of 1929.

It was made to appear under the compromise plan that the Phifer State Bank received the initial payment of $1,000.00 and a conveyance of real property to it situated at Micanopy, and a reconveyance by the bank to the representatives of the estate of certain real estate situated in Duval County obtained at execution sale, and that the depression had rendered it impossible to carry out the compromise settlement among creditors as approved by the Circuit Court of Alachua County.

On the 20th day of April, 1935, Honorable H. L. Sebring, Circuit Judge, made and entered an order dismissing the suit filed on October 27, 1930, under Chapter 14554, Laws

of Florida, Acts of 1929, upon the theory, no doubt, that it was a chancery proceeding and controlled thereby.

On September 7, 1936, complainants filed a petition to vacate the order dated April 20, 1935, dismissing the proceedings, and it was cited in the petition to vacate said order that the compromise settlement existing between the estate and the Phifer State Bank had been in part performed and the compromise settlement, in part, had been carried out by the parties and that the agreement was legally binding on them. The petition further recited that financial conditions were improving and a negotiation was pending for the sale of six hundred acres of land at a price of $20 per acre and if the trade went through, the compromise settlement between the Watkins Estate and the Phifer State Bank could be fully performed. The petition further recited that the order of dismissal dated April 20, 1935, was predicated on Chapter 14554, *supra,* and controls equity and common-law suits, but the same is inapplicable to the case at bar because the same is a proceeding in the administration of the Watkins Estate pursuant to Section 5653, C. G. L., and the Circuit Court was without jurisdiction or power to enter the order of dismissal dated April 20, 1935.

On February 8, 1937, the Honorable H. L. Sebring made and entered an order denying the petition to vacate and set aside the order dated April 20, 1935.

The case at bar turns on the point of whether or not the suit filed in the Circuit Court of Alachua County, Florida, on October 27, 1930, is an equity suit and controlled by Chapter 14554, *supra,* or a suit filed pursuant to Section 5653 C. G. L., and brought for the purpose of administering the Watkins Estate alleged to be insolvent. The lower court held the same was an equity suit controlled by Chapter 14554 and not a suit brought pursuant to Section 5653

C. G. L., for the purpose of administering an insolvent estate.

We think the bill of complaint contained, substantially, the allegations required by Section 5653 C. G. L., and that the order restraining the sale of the property of the Watkins Estate under the writ of execution based on the judgment in behalf of the Phifer State Bank was proper and without error. While a partial administration of the estate was had in the County Judge's Court of Alachua County, Florida, and that court had full and complete jurisdiction to administer thereon until the filing of the bill in chancery by the representatives thereof containing allegations required by Section 5653 C. G. L., coupled with the petition of the representatives of the estate filed in the circuit court on November 28, 1931, and the order thereon dated November 30, 1931, had the effect in law of transferring from the County Judge's Court of Alachua County, Florida, the administration of said probable insolvent estate of the value of $500.00, or more, to the circuit court. The circuit court had jurisdiction to continue the administration thereof and not the county judge's court. The rights and remedies of creditors of the estate could not be affected by the transfer of the jurisdiction nor the practice or procedure in connection therewith be different after the transfer.

We do not think it necessary for a disposition of this case to consider at this time the legal sufficiency of claims against the estate, but the circuit court has the power under Section 5653 C. G. L., to proceed and settle the estate and order payment of claims *pro rata* as the assets of the estate may justify so as not to permit or allow an unlawful preference of one claim over another, but to order payment thereof as required by law.

The lower court, on April 20, 1935, when considering a

motion to dismiss the bill of complaint filed pursuant to Section 5653 C. G. L., did make and enter an order sustaining the motion to dismiss upon the theory that the same was an equity suit in which no steps or proceedings therein had been had or taken by counsel for the parties for a period of three years, or more, as provided for in Chapter 14554, Laws of Florida, Acts of 1929. We have carefully considered the entire record and we are forced to the conclusion that the suit dismissed by the lower court on April 20, 1935, was not an equity suit controlled by Chapter 14554, *supra,* but a suit filed for the purpose of administering upon an estate and the administration thereof was incomplete at the time of the entry of the order of dismissal. A judgment that is absolutely null and void—a mere *brutum fulmen*—can be set aside or stricken from the record on motion at any time and may be collaterally assailed. See Kroier, v. Kroier, 95 Fla. 865, 116 So. 753. Creditors of an estate in such proceedings have their remedy for a prompt and early settlement thereof by application to the circuit court for an order or orders, as shall be in conformity with orderly procedure.

The order appealed from is dated February 8, 1937, which denied appellants' petition to vacate and set aside the order of dismissal dated April 20, 1935. This was error on the part of the lower court. The petition to vacate and set aside the order of dismissal, *supra,* should have been granted.

For the error pointed out, the order appealed from is hereby reversed for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing it is contended that there has never been an order adjudicating the solvency or insolvency of the Watkins Estate by the Circuit Court of Alachua County, Florida, under the bill of complaint brought under Section 5653 C. G. L., filed October 27, 1930, by the representatives of the Watkins Estate. The record shows that on October 29, 1930, the Phifer State Bank, a creditor, filed an answer to the bill of complaint filed by the representatives of the estate and incorporated therein a motion to dismiss and the Sheriff of Alachua County, on the same day answered the bill of complaint by adopting the one filed by the Phifer State Bank.

The allegations of the bill of complaint and the answer on said issue are, viz:

"11. Your orators further show to the court that the Estate of the said J. D. Watkins, deceased, exceeds the gross sum of $500.00, and that they, and each of them, believe that the said Estate is indebted to an amount greater than the value thereof, and your orators suggest to the court that the said Estate is probably insolvent, and that they believe the said Estate to be insolvent, and that the said Estate was insolvent at the time of the death of J. D. Watkins, deceased, and ever since."

The answer contains the following admission and denial:

"XI. Answering the eleventh paragraph of the Bill of Complaint this defendant admits that the value of the Estate of J. D. Watkins, deceased, exceeds the gross sum of Five

Hundred ($500.00) Dollars, but denies that the complainants believe that the said estate is indebted in an amount greater than the value thereof and denies that the said estate was insolvent at the time of the death of the said J. D. Watkins."

The record fails to show an order adjudicating the solvency or insolvency made or entered by the lower court as contemplated by Section 5653 C. G. L., but an order dated November 30, 1931, was entered by the Circuit Court of Alachua County, Florida, authorizing the settlement of claims against the Watkins Estate held by the Phifer State Bank, John W. Barrs, and Carrie Barrs Watkins. The petition on the part of the representatives of the estate to compromise claims against the estate, and upon which the order last referred to is predicated, contains the allegation, viz.:

"5. Your petitioners have therefore during the past six months or longer initiated and carried on negotiations with the several creditors of the Estate for the purpose of effecting a reasonable compromise of their claims, in order that the Estate may be speedily wound up without undergoing the delay and loss involved in the pending litigations that some reasonable settlement with creditors be effected and that something be saved out of the Estate for the widow of J. D. Watkins, deceased, one of your petitioners."

It is the duty of the lower court, after hearing all the testimony of the respective parties on the issues made by the parties on the solvency or insolvency of an estate, to make and enter such an order thereon as the proof will justify. It is fundamental that the allegations of the bill of complaint filed October 27, 1930, made a *prima facie* showing that entitled the representatives of the Watkins Estate to all the relief provided for by Section 5653 C. G. L.

The proof of the allegation of insolvency can or may be controverted, admitted or waived, but it is not necessary to consider this item on this record at this time for a decision of this case.

It is next contended that the following language of the opinion, viz.: "We think the bill of complaint contained, substantially, the allegations required by Section 5653 C. G. L., and that the order restraining the sale of the property of the Watkins Estate under the writ of execution based on the judgment in behalf of the Phifer State Bank was proper and without error."—is not supported by the record, because: (a) the record does not show an order restraining the sale under the writ of execution; (b) the directions to the clerk for the preparation of the transcript as given by counsel for the respective parties fail to include an injunction order; (c) there is no basis in the record for the language, *supra*. Out of the greatest deference to the views and conclusions of counsel for the petitioner, we are directing their attention to the language appearing in the sworn petition of the representatives of the Watkins Estate filed September 7, 1936, and appearing at pages 41 and 42 of the record, viz.:

"1. That on the ...... day of October, 1930, your petitioners filed their bill of complaint in this cause, suggesting the insolvency of the estate of J. D. Watkins, deceased, and praying for an injunction against the enforcement by the defendant, Phifer State Bank, of a certain judgment at law recovered by said bank against the estate of J. D. Watkins, deceased, as is more fully set forth in the original bill of complaint on file in the office of the clerk of this court, reference to which bill of complaint is hereby made and the same is hereby incorporated in this petition and made a part hereof.

"2. That thereafter your petitioners as complainants applied for an injunction against the Phifer State Bank as aforesaid, before the Honorable A. V. Long, then a Judge of said court, and after hearing an argument on behalf of the Phifer State Bank in opposition for said injunction, the same was granted by order made and filed herein, reference to which is hereby made and is made a part of this petition."

We think the recital in the sworn petition, *supra,* appearing in the transcript as to the issuance of the restraining order fully justifies this Court in the use of the language appearing in the opinion. On page 4 of the first brief of counsel for appellant appears a reference to the restraining order. It is true that the brief of counsel for appellee is to the effect that the record did not contain a copy of the restraining order. The record sustains the use of the language, *supra.*

Counsel for petitioner contends that the record in this cause does not sustain the language of the opinion, viz.:

"It was made to appear under the compromise plan that the Phifer State Bank received the initial payment of $1,000.00 and a conveyance of real property to it situated at Micanopy, and a reconveyance by the bank to the representatives of the estate of certain real estate situated in Duval County obtained at execution sale, and that the depression had rendered it impossible to carry out the compromise settlement among creditors as approved by the Circuit Court of Alachua County."

The answer to this contention is found in the sworn petition filed by the representatives of the Watkins Estate on September 7, 1936, appearing in the transcript from page 41 to page 48 in the use of the language, viz.:

"3. Thereafter your petitioners entered into negotiations with the Phifer State Bank and other creditors of the estate

of J. D. Watkins, deceased, which resulted in an agreement evidenced by the letters of their several attorneys that the judgment of the Phifer State Bank should be compromised and settled in full upon certain terms and conditions, subject to the approval of this court, as the court wherein and whereby the said insolvent estate was being administered pursuant to the provisions of Section 5653, *et seq.*, of the Compiled General Laws of Florida, and your petitioners undertook to present said agreement to the court for its approval, which was thereupon done by petition duly filed in this cause, reference to which petition is hereby made and said petition being incorporated in this petition and made a part hereof. That said petition fully and fairly set forth the specific agreement for compromise theretofore reached and entered into between your petitioners and the Phifer State Bank.

."4. That said petition for leave to compromise said judgment was duly presented to the Honorable A. V. Long sitting as Judge of this court, on November 30, 1931, and the Phifer State Bank, by its attorneys, Adkins and Richardson, and the attorneys for the petitioners herein, appeared before the said court and consented to the granting of said petition, and the court thereupon made and entered its order herein on November 30, 1931, approving the proposed compromise and authorizing the complainants to proceed with and carry into effect the settlements as outlined in said petition.

"5. That shortly thereafter in pursuance of the agreement entered into as aforesaid between your petitioners and the Phifer State Bank, your petitioners executed and delivered to said bank their quitclaim deed covering the real property in Duval County mentioned and described in the bill of complaint herein, and paid to the said Phifer State

Bank the sum of $1,000.00 in cash out of the moneys in the hands of your petitioners belonging to the said estate, and the Phifer State Bank received and accepted the said deed and money as part performance by your petitioners of the aforesaid agreement for compromise.

"6. That it was understood and contemplated as a part of the aforesaid agreement for compromise, that the balance of the consideration payable to the Phifer State Bank under said agreement, namely: the conveyance of said lands in Micanopy, Florida, and the payment of an additional sum of $2,500.00 in cash, would be made within six months after November 30, 1931. Owing to the depression which was then becoming more severe and the lack of liquid assets belonging to the estate, your petitioners found it impossible to comply with said agreement in full within the said six months period, and by mutual understanding and agreement the time for performance thereof by your petitioners was extended indefinitely, subject to the right of the Phifer State Bank at any time to demand complete performance of said agreement for compromise within a reasonable time thereafter.

"7. That on November 1, 1932, long after the expiration of the six months period for performance, your petitioners paid to the Phifer State Bank out of the assets of the estate of J. D. Watkins, deceased, the further sum of $500.00 on account of the balance of $2,500.00 cash that remained unpaid under the agreement for compromise, and said sum was received and accepted by the Phifer State Bank as further part performance of said agreement for compromise."

We have carefully considered each ground of the petition for a rehearing but error has not been made to appear.

The petition for a rehearing is hereby denied.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.