**STATE ex rel. R. F. NEAFIE, v. B. F. BUTLER, et al.**

16 So. (2nd) 647  January Term, 1944
January 21, 1944  Division B
Rehearing Denied February 28, 1944

*Manley P. Caldwell*, for appellant.

*Sanders & Patterson*, for appellees.

THOMAS, J.:

This appeal is a sequel to the one decided 27 November 1942 (151 Fla. 686, 10 So. (2nd) 572) and brings here for review a judgment and order entered pursuant to the mandate issued by this Court.

To give the background of the instant controversy we will turn to the former opinion. Appellees had been peremptorily ordered to cause a levy of taxes to be made for the fiscal years 1937 to 1946 and to deliver the proceeds to the appellant until he received $46,086.00 in payment of coupons he claimed to own representing interest due on certain bonds. The tax was laid for the first three years, and about $14,000.00 was raised when appellees failed further to comply with the writ. At the instance of appellant they were cited for contempt of court and required to explain their failure to pay over the money and their neglect to bring about a levy for the years 1940 and 1941. Their defense was the issuance against them of a chancery order enjoining the payment and any further levy. The rule to show cause was discharged.

The court recognized that the gist of the matter under consideration was the "jurisdiction and power [of a court of equity] to restrain a compliance with a lawfully entered and unmodified peremptory writ of mandamus." The court concluded that appellees were obliged to obey the writ in mandamus, notwithstanding the injunctive order, and should have filed a certificate that they had done so. By the mandate the trial court was directed to proceed in a manner "not inconsistent with this opinion. . . ."

The trial judge peremptorily ordered payment to appellant of the accumulated tax monies "upon presentation . . . of so many of the interest coupons covered by the peremptory writ . . . , as shall have a face value equal to the total of the sum of money so paid."

The appellees then filed a statement or certificate that they had partly performed the acts commanded—no levy, of course, had been made for the intervening years—by pay-

ing to appellant's counsel approximately $11,000.00 of the $14,000.00 on hand.

Because of the disparity between the amount held by appellees and the sum paid it is now necessary to advert to the alternative and peremptory writs to ascertain what obligations were intended to be enforced by them. The coupons were described in detail in the preliminary writ, and in the final writ and subsequent motions and pleadings reference was made to this description.

The only coupons involved were those numbered 7, 8 and 9 for interest payments due March 1 and September 1, 1930, and March 1, 1931. Appellant represented that he was the bearer of 364 of the first (on each of which $6.00 had been paid), 622 of the second, and 623 of the third, or a total value of $46,086.00 for which the levy was ordered made. In the alternative writ three paragraphs were devoted to descriptions of these coupons numbered 7, 8 and 9. A typical example of the averments in this respect is: "The Relator is the bearer and owner of 622 of said interest coupons, each numbered 8 serially, due September 1, 1930, and bearing a number identical with the number of the bond of said issue to which the same was originally annexed, one of said coupons having been annexed to each bond of said issue, numbered as follows: 76; 110; 114; 116 to 128 inclusive; 149 to 150 inclusive" and so on.

The difficulty largely, if not entirely, responsible for the present controversy springs from an irreconcilable difference between the number of coupons claimed and the number listed, a variance approximating in designated numbers 500; in money, $15,000.00. As we understand the positions of the adversaries, the one, appellant, claims that he is entitled to the redemption of coupons so long as the total number in each category is not exceeded, while the others, appellees, insist that there is no obligation under the peremptory writ to pay any coupons not itemized in the alternative writ. We think the position of the latter sound. It was the trial court's interpretation of the mandate that he had the duty of entering an order requiring "strict compliance with the terms of the peremptory writ." It is our view that the construction

was correct and that the appellant was entitled to receive monies only on those coupons listed in the pleading. It was such a writ that he sought, and we assume that its contents were entirely satisfactory to him. We have found nothing in the record indicating any complaint on his part about its provisions. The alternative writ performed the functions of a declaration and as such was doubtless the statement of the appellant's case. It is patent to us that abuse of this form of process, the coercion of the performance of a legal duty resulting in the collection of money, would unquestionably result were we to follow the course urged by the appellant. A relator could increase the number of bonds actually held and have the advantages of the writ to enforce securities subsequently obtained. There is no suggestion that such was the case here, but, as is usual in the declaration on the part of this Court of principles of law, we must anticipate the effect of such rulings on future transactions. In some instances no harm might be done, but in the present case great injury could be suffered by the appellees because of a proceeding in bankruptcy which will result in the discharge of some of the debt at a discount of seventy-five per cent.

It is our conclusion that the trial judge was eminently correct, and it is probable that some revision in the proceedings will be necessary in order to take into account in future levies the discrepancy of several thousand dollars between the sum of the unpaid coupons listed and the total number represented to have been owned by the appellant when the alternative writ was issued.

Affirmed.

BROWN, CHAPMAN, ADAMS and SEBRING, JJ., concur.

BUFORD, C. J., and TERRELL, JJ., dissent.

BUFORD, C. J., dissenting:

It is my view that the record shows that the appellant is entitled to payment of coupons for which payment is sought under enforcement of the writ of mandamus and that it was clearly the intent of the judgment in mandamus that the total sum of $46,086.00 should be paid and that the Federal

Court in the bankruptcy case recognized the right of the coupon holder to have the mandamus enforced for the full amount named in the writ.

TERRELL, J., concurs.