In re **RUSSELL'S ESTATE.**

No. 29787.

County Judges' Court, Duval County.

November 8, 1966.

William H. Maness, Jacksonville, for the estate.

Walter C. Shea, Jacksonville, for Mary G. Millard.

McKENNEY J. DAVIS, County Judge.

This cause came on to be heard before the court on October 6, 1966 on the motion to dismiss petition for revocation of probate filed by Gladys Reid Turner, individually and as executrix of the last will and testament of Bessie G. Russell, deceased, and Louis C. Turner, the principal ground of which is the failure of Mary G. Millard to prosecute the petition for a period of more than one year.

The motion to dismiss the petition for revocation of probate raises a question of first impression before this court. An examination of the provisions of §45.19, Florida Statutes, demonstrates clearly that the purpose of the section is to expedite the course of litigation and to keep court dockets as nearly current as possible. See May v. State, 96 So.2d 126, and Allen v. Gaither, 112 So.2d 855.

The case at bar must therefore turn on the point of whether or not the petition for revocation of probate is a "suit in equity" within the meaning of §45.19.

While the Supreme Court of Florida has specifically held that a suit to have the circuit court administer an allegedly insolvent estate is not an "equity suit" falling under the provisions relating to abatement of actions for want of prosecution (see Watkins v. Johnson, 139 Fla. 712, 191 So.2d), that case was one specifically dealing with a suit "filed for the purpose of administering upon estate" and at the time of the challenged order the administration thereof was incomplete.

The situation in the case at bar is entirely different. The administration of this estate has been in progress for over two years and the granting of the motion to dismiss will not terminate

the administration of the estate but in fact will expedite the closing out thereof. An examination of the petition and the circumstances under which it was filed, as they appear from the record herein, will demonstrate that the petition in effect constitutes a proceeding in equity for equitable relief, wholly superimposed upon the administration of the estate. In effect, the petition for revocation of probate has little effect on the administration of the estate itself — affecting only the ultimate beneficiaries to whom the estate is to be distributed.

Under such circumstances, it is the opinion of the court that the petition constitutes a "suit in equity" within the meaning of §45.19, and the failure to prosecute the petition for a period of more than one year subjects the petition to dismissal for want of prosecution.

Accordingly, it is ordered and adjudged that the motion to dismiss the petition for revocation of probate heretofore filed herein by Mary G. Millard on July 2, 1965, should be and the same is hereby granted, and the petition is hereby dismissed, with prejudice.