CROSS, Chief Judge.
Appellant-defendant, T. J. K., appeals a post decretal order entered in favor of the appellee-plaintiff, N. B., denying the defendant’s motion for relief from a final decree in a paternity suit. We reverse.
On December 13, 1962, the plaintiff, N. B., filed a paternity suit against the defendant, T. J. K. Service of process was by publication in a newspaper.
The defendant by special appearance moved to quash and set aside service of process on the basis that service was wholly insufficient as a writ or process of the court.
The trial court by order denied the motion, which order in part is as follows:
“Subject to the Plaintiff’s perfecting said constructive service, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that service of process by constructive service is a proper remedy in a Paternity suit.”
The defendant failed to further plead or defend the suit, and as a result thereof a decree pro confesso was entered.
The plaintiff then moved for a summary decree, and on May 6, 1964, a final decree was entered determining that the defendant was the father of the bastard child born to the plaintiff.
On September 26, 1969, before a successor judge, the defendant by motion moved for relief from the final decree under Rule 1.540(b) (4), F.R.C.P., as being void for lack of jurisdiction over the person. On October 20, 1969, the trial court by order denied the motion, which in part is as follows :
“THIS CAUSE coming on to be heard upon Motion for Relief from Judgment filed by CHARLES M. REIDERS, Attorney at Law, on behalf of the Defendant, T. K., Plaintiff being represented by FRANK M, WOLFE of the Law Firm of Wolfe, Kirschenbaum & Taylor and the Defendant being represented by CHARLES M. REIDERS, Attorney at Law, and it appearing to the court that by virtue of motion entitled Renewal of Motion to Quash Summons and Set Aside Service filed on behalf of the Defendant, T. K., by JAMES R. REYNOLDS, Attorney at Law, on the 1st day of April, 1963, the court did consider the issue of jurisdiction in this cause and did specifically rule on the 5th day of August, 1963 that the court did have jurisdiction of the parties and pursuant to its findings of law and fact did enter its order on May 13, 1964 finding, (1) the court had jurisdiction of the parties, and (2) that the Defendant was the father of the child born to D. B.; accordingly this court finds that the issue has been adjudicated and further that this court has no jurisdiction to determine the adjudication heretofore made by this court; and it is thereupon:
“ORDERED AND ADJUDGED that the Defendant’s Motion for Relief from Final Judgment be, and it is hereby denied.”
This appeal followed.
The principal question confronting this court is whether the trial court in a pa *594 ternity action has jurisdiction to determine the question of paternity where the record shows on its face that the only service had upon the defendant was constructive service by publication. The key word is obviously “jurisdiction.” The word “jurisdiction” is used in several different senses. These senses are all concerned, more or less, with either one or both of two concepts. They are (1) the power of the court to act either upon given property or with respect to a given subject matter or so as to subject the given parties to personal liability, Restatement of Judgments § S, Restatement of Conflict of Laws §§ 42 & 74; (2) a requirement that a reasonable method of notification be employed and a reasonable opportunity to be heard be afforded the persons affected, Restatement of Judgments § 6, Restatement of Conflict of Laws §§ 75, 100 & 109.
In actions commonly known as “in per-sonam,” the plaintiff either seeks to subject defendant’s general assets to execution in order to satisfy a money judgment, or to obtain a judgment directing defendant to do an act or refrain from doing an act under sanction of the court’s contempt powers. Actions “in rem” are those which seek not to impose personal liability but rather to effect the interests of persons in a specific thing (or res). A few such actions purport to effect the interests of all persons (all the world) in the thing. Most of them seek to effect the interest of only certain particular persons in the thing. Typical modern examples are actions for partition of or foreclosure of a lien upon or to quiet title to real estate. The concept of an in rem action has been extended to those actions which seek to affect status, for example, divorce actions, the status being given a situs, i. e., where one of the spouses is domiciled. Williams v. North Carolina, 1945, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577. There are also actions commonly known as “actions quasi in rem.” These are actions based on a claim for money damages begun by attachment or garnishment or other seizure of property where the court has no jurisdiction over the person of the defendant but has jurisdiction over a thing belonging to the defendant or over a person who is indebted or under a duty to the defendant. Restatement of Judgments, §§ 8 & 9.
The state has jurisdiction to entertain an action “in personam” over persons within its territory and to entertain an action “in rem” with respect to things within its territory. It has jurisdiction by an action “quasi in rem” to enforce a personal claim against the defendant to the extent of applying the thing or property seized in satisfaction of the claim. The state through its courts has jurisdiction to exercise this power provided its procedure is reasonably calculated to give the persons effective notice of the action and a reasonable opportunity to contest the claim. The classic way of exercising jurisdiction over a person within the court’s territorial jurisdiction is by service of process upon him personally within that territory. Restatement of Judgments, § 8. Such service at one stroke satisfies both the power and notice requirements of jurisdiction.
In actions “in rem” and “quasi in rem,” also there must be some reasonable means of notifying persons to be affected of the pendency of the action. But this does not include any notion that such persons be within the state at any time or that notification be given to them there. The power notion is satisfied by power over the thing.
Section 49.011, Florida Statutes 1967, F. S.A., enumerates specific instances in which service of process by publication may be made. This section nowhere provides for notice by publication in bastardy cases; however, subsection (12) of F.S. 49.011, F.S.A., reads as follows:
“Service of process by publication may be made in any court on any person mentioned in § 49.021, in any action or pro *595 ceeding: (12) Wherein personal service of process or notice is not required by the statutes or constitution of this state or by the constitution of the United States.”
Since there is no specific statutory provisions for constructive service in bastardy cases, we must of necessity turn to the question of whether this type of action would be within the ambit of subsection (12) of F.S. 49.011, F.S.A., wherein personal service of process or notice would not be required.
At common law a bastard is said to be silius nullius, the child of nobody, 10 Am. Jur.2d, Bastards, § 8, and under the common law, the putative father owes no duty of support to his illegitimate child, 10 Am. Jur.2d, Bastards, § 68. This burden rested solely with the mother. 10 Am.Jur.2d, Bastards, § 67.
Bastardy proceedings are purely statutory in nature, and the remedy given by the statute must measure the rights and liabilities of the parties. Certainly the theory that this type of action is an action “in rem,” the child being the “rem,” is untenable. It is impossible to sustain an argument that the action is one “in rem” as there is nothing to effect the interests of persons in a specific thing or res. It is then the purpose of this action to determine the status of the parties as in divorce cases? And to this extent should we now extend the concept of in rem actions as similarly extended in divorce actions ?
A judgment of filiation in such cases as this is designed to furnish the basis of a judgment for personal recovery, and it has no other office or function. The primary purpose of ch. 742, Florida Statutes, F.S.A., is to fix the father’s obligation to support and educate the child. This cause of action does not affect the condition or status of the parties in any manner. By such judgment the parental relation is not established between the father and the child. The father is not entitled to custody or services of the child. The child does not become his heir and has no claim on him for maintenance further than that given by the judgment of the court.
In light of the foregoing, we determine that the action here is one “in person-am,” and demands service of process; accordingly, it is not within the ambit of subsection (12), F.S. 49.011, F.S.A.
After reaching this conclusion, the law that follows is quite settled on this point. A judgment in personam against a non-resident who does not enter a voluntary general appearance or otherwise waive personal service of process can be predicated only upon jurisdiction over the person of the nonresident acquired by proper personal service of process upon him within the territorial jurisdiction of the court.
Ever since the famous case of Pennoyer v. Neff, 1878, 5 Otto 714, 95 U.S. 714, 24 L.Ed. 565, it has been accepted as axiomatic that a judgment which acts in personam may not be rendered against a defendant unless such defendant has either been served personally with process within the territorial jurisdiction of the court or has voluntarily entered an appearance in such court.
In the instant case neither of the requirements had been fulfilled, and the trial court never obtained jurisdiction over the person of the defendant. Under our practice a judgment or decree that appears from the !face of the record to be absolutely null and void for lack of jurisdiction over the person of the defendant may be set aside and stricken from the record on motion at any time. Malone v. Meres, 1926, 91 Fla. 709, 109 So. 677; Kroier v. Kroier, 1928, 95 Fla. 865, 116 So. 753; Watkins v. Johnson, 1939, 139 Fla. 712, 191 So. 2.
*596 Accordingly, the order denying defendant’s motion for relief from judgment is reversed and the cause is remanded to the trial court with directions to vacate and set aside the final decree bearing date May 6, 1964, and recorded in Chancery Order Book 173 at pages 892 and 893, of the Public Records of Brevard County, Florida.
Reversed and remanded with directions.
OWEN, J., concurs.
WALDEN, J., dissents, with opinion.