469 So.2d 829 (1985)
TSUNG-YA (ZIA) CHANG, Appellant,
v.
Francis HAN-SING CHANG, Appellee.
No. 84-611.
District Court of Appeal of Florida, Fifth District.
April 25, 1985.
Rehearing Denied June 4, 1985.
Burton J. Green, Cocoa, for appellant.
Mike Krasny of Storms, Krasny, Normile & Dettmer, P.A., Melbourne, for appellee.
ORFINGER, Judge.
This appeal is from a final order dismissing the appellant's motion for relief from judgment under Florida Rule of Civil Procedure 1.540.[1] The lower court determined as a matter of law that the motion was not *830 filed within a reasonable time after judgment was entered nor within one year after its entry. For the reasons set forth below we reverse.
In March, 1969, appellee Francis Han-Sing Chang filed an action for divorce in the Circuit Court of Brevard County, alleging that the appellant/wife Tsung-Ya (Zia) Chang had been guilty of willful desertion for a period in excess of one year. An affidavit for constructive service of process filed by the husband represented that he had made a diligent search and inquiry to discover the residence of the wife and that her residence was in Shanghai, China but that her mailing address was in Kowloon, Hong Kong. The mailing address in Kowloon was the home of a Mr. C.L. Lee to whom the husband frequently mailed letters to be forwarded to the wife. The notice published in the newspaper states that the wife's residence "is unknown," but that her last known address is c/o Mr. C.L. Lee, 88 Nathan Road, Kowloon, Hong Kong. When the wife failed to file or serve an answer or other defense to the complaint a default was entered against her, and a final judgment of divorce was entered on June 2, 1969.
In November, 1982 the appellant sent a letter to the Honorable Roger Dykes of the Circuit Court of Brevard County detailing her imprisonment in forced labor camps in Shanghai and maintaining that she never received notice of the divorce action despite the fact that the appellee knew appellant's place of residence and mailing address in Shanghai. By order of the trial court this letter, together with an affidavit and other papers accompanying it, was deemed a motion filed pursuant to Fla.R.Civ.P. 1.540. The essence of the motion is that the judgment was void because the husband falsely represented in his affidavit that he had made a diligent search and inquiry to discover the wife's residence and that the only address known for her was in Kowloon, Hong Kong, when he knew her place of residence and could have provided notice. An affidavit from Mr. C.M. Lee, attached to the letter, states that he received but never forwarded the divorce papers to the appellant/wife, but instead, returned them.
In the letter and accompanying affidavit, the appellant alleged that she first learned of the divorce in November, 1978 during an interview for a visa which would have permitted her to travel between Shanghai and Hong Kong. She had been imprisoned in Shanghai for several years because of her Catholic theology which was repugnant to the ideology of the Cultural Revolution. She wished to travel to Hong Kong to escape religious persecution in Shanghai. The passport she obtained stated that the purpose of her visit was to enable her to visit her "former husband." The appellant assumed that the reference to her husband as her "former husband" was in error, but did not question it because of her desire to leave China. It was not until she arrived in Hong Kong with the parties' son that the latter was advised in correspondence with appellee that the parties had been divorced in 1969.
Appellant further alleges that although she repeatedly attempted to obtain information about the divorce from the appellee, he did not forward a copy of the dissolution decree until December, 1981, at which point she learned that the divorce was granted in the Circuit Court of Brevard County. Over the next several months she obtained the court record including the affidavit upon which the constructive service of process was predicated.
The appellee filed a motion to strike the appellant's motion for relief from judgment, arguing that the motion was not timely presented under Rule 1.540. The trial court granted this motion finding that the wife did not timely pursue any remedy which she might have had under Rule 1.540 and that her failure to take any action between the period when she first learned of the dissolution in November, 1978, and the time when she filed her motion under Rule 1.540 in November, 1982 constituted an unreasonable delay in seeking relief under Rule 1.540. The court also found that the letter (motion) had not been filed within one year after entry of judgment.
*831 Florida Rule of Civil Procedure 1.540(b) states:
Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or decree or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order or proceeding or to set aside a judgment or decree for fraud upon the court.
Only a motion for relief based on the grounds specified in (1), (2) and (3) of the rule must be filed within one year of the entry of the contested judgment, order or decree. A motion alleging reasons (4) or (5) is not subject to that limitation. DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984). This court has held that a judgment alleged to be void for lack of jurisdiction may be attacked at any time. Whigham v. Whigham, 464 So.2d 674 (Fla. 5th DCA 1985); Florida Power & Light Company v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982), pet. review denied, 434 So.2d 887 (Fla. 1983); Tucker v. Dianne Electric, Inc., 389 So.2d 683 (Fla. 5th DCA 1980). See also DeClaire, supra, at 379.
If the husband's affidavit as to diligent search and the wife's place of residence is false as alleged, then due process "notice" was lacking, the court never acquired jurisdiction of the wife in the divorce action and the judgment of divorce was void. See Saharuni v. Saharuni, 343 So.2d 674 (Fla. 2d DCA 1977); Chavez-Rey v. Chavez-Rey, 213 So.2d 596 (Fla. 3d DCA 1968).
The motion was therefore properly before the court and should not have been stricken. We reverse the order striking appellant's motion for relief from judgment, and remand the cause for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] We have jurisdiction. See Fla.R.App.P. 9.130(a)(5).