479 So.2d 221 (1985)
William G. PALMER, Appellant,
v.
Inez PALMER, Appellee.
No. 85-875.
District Court of Appeal of Florida, Fifth District.
November 29, 1985.
Kenneth J. Cotter, P.A., Orlando, for appellant.
Jeff B. Clark, P.A., Orlando, for appellee.
*222 COWART, Judge.
This appeal is from an order granting appellant's motion under Florida Rule of Civil Procedure 1.540 for relief from judgment in a dissolution of marriage case.[1] The motion for relief from judgment was filed on January 4, 1985. The judgment in question, entered in 1980, adopted a property settlement agreement. The trial court determined that the ex-wife was not mentally competent to enter into the property settlement agreement, granted her motion for relief, declared the property settlement agreement void and "reopened" the case to consider anew the alimony and property distribution issues. We reverse.
A motion for relief from judgment under rule 1.540(b) must be filed within one year of the judgment, except that a judgment void for lack of jurisdiction can be attacked at anytime. See DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984).
The contract of one who is not mentally competent to contract is not void but voidable. A final judgment adjudicating rights of parties under a voidable contract is not void although under some circumstances the judgment may be successfully attacked by a timely motion under rule 1.540(b). If a court has subject matter jurisdiction and that jurisdiction has been properly invoked by pleadings and properly perfected by service of process, its judgments, although erroneous as to law or fact and subject to reversal on appeal, are nevertheless not void. See DeClaire v. Yohanan, 453 So.2d 375 (Fla. 1984); Watkins v. Johnson, 139 Fla. 712, 191 So. 2 (1939); Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Chang v. Chang, 469 So.2d 829 (Fla. 5th DCA 1985); Space Coast Credit Union v. The First, F.A., 467 So.2d 737 (Fla. 5th DCA 1985); Whigham v. Whigham, 464 So.2d 674 (Fla. 5th DCA 1985), rev. denied, 475 So.2d 696 (Fla. 1985); Florida Power and Light Company v. Canal Authority, 423 So.2d 421 (Fla. 5th DCA 1982), pet. denied, 434 So.2d 887 (Fla. 1983). Girteit v. Girteit, 400 So.2d 192 (Fla. 3d DCA 1981); Waiswilos v. Feacher, 370 So.2d 1250 (Fla. 4th DCA 1979); Varnes v. Kirk, 251 So.2d 324 (Fla. 1st DCA 1971).
The motion did not allege, nor do the facts support, the conclusion that the judgment in this case was void for lack of jurisdiction. The motion for relief from judgment should not have been granted.
REVERSED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5).