522 So.2d 515 (1988)
Nick NAVARRO, As Present Sheriff of Broward County, Appellant,
v.
Michael Frank BOUFFARD, Etc., Larry Daniel Duff, Edward J. Stack, As Sheriff of Broward County, and the Law Enforcement Insurance Company, Ltd., et al., Appellees.
Nick NAVARRO, Sheriff of Broward County, Florida, Petitioner,
v.
Honorable Linda VITALE, Circuit Judge, 17TH Judicial Circuit, Broward County, Florida, Respondent.
Nos. 87-2112, 87-2909.
District Court of Appeal of Florida, Fourth District.
March 23, 1988.
*516 Richard A. Purdy of Shailer, Purdy & Jolly, P.A., and Samuel A. Price, Fort Lauderdale, for appellant/petitioner.
Russell W. Merriman, C. Steven Yerrid and Mike Piscitelli of Stagg, Hardy & Yerrid, P.A., Tampa, and Edwin P. Krieger, Jr., Miami, for appellees/respondents-Bouffard.
DOWNEY, Judge.
We have for consideration two cases, which we have consolidated sua sponte for purposes of opinion only. Case No. 87-2112 involves a non-final appeal from two orders. The first order, dated July 15, 1987, denies a motion to determine applicability of section 768.28(5), Florida Statutes, providing a statutory cap to a judgment entered against a former sheriff but now being applied to Nick Navarro, as successor and present Sheriff of Broward County. The second order, dated July 7, 1987, directs the sheriff to pay the judgment, and an annual penalty of twelve percent on said unpaid judgment if not satisfied by a certain date. Case No. 87-2909 involves an original writ of prohibition initiated by the sheriff to prohibit the respondent circuit judge from holding him in contempt of court for failure to comply with the court's order requiring him to post a supersedeas bond to pay the aforesaid judgment involved in the non-final appeal.
These cases had their genesis in a November, 1984, judgment for just over $600,000, which Appellees Bouffard, et al., obtained against Sheriff Edward Stack, Navarro's predecessor in office. A deputy serving under Sheriff Stack had injured Bouffard's son and the judgment arose out of the ensuing personal injury suit. The jury assessed liability against the sheriff and his deputy at ten percent and thirty percent respectively. The sheriff was insured for $250,000 for such incidents and judgment was entered against the sheriff for said amount. While the judgment was being appealed and affirmed, Sheriff Stack's term ended and his insurance carrier became insolvent.
After Sheriff Navarro took office in 1985, Bouffard, et al., made demand upon him to pay the judgment. Navarro declined and, in due course, Bouffard filed a petition for writ of mandamus to require him to do so. From a writ of mandamus ordering the sheriff to pay the judgment of $250,000 within ninety days, Sheriff Navarro perfected an appeal. However, he voluntarily dismissed the appeal "due to a decision to settle this matter for the benefit of all parties concerned." These good intentions never reached fruition, provoking Bouffard to file a motion invoking sanctions against the sheriff. On July 7, 1987, the circuit court entered one of the orders appealed from, sanctioning the sheriff and ordering him to pay "a penalty equal to 12% per annum on the $250,000 if the judgment is not satisfied by August 7, 1987." This precipitated a motion by the sheriff asking the circuit court to determine that the statutory cap provided in section 768.28(5), Florida Statutes (Supp. 1984), (the statute limiting liabilities of the state and its agencies) was applicable to this judgment, thus limiting the amount recoverable to $50,000. On July 15, 1987, the court denied the motion as untimely. Accordingly, the sheriff filed this non-final appeal from the order denying Navarro's motion to determine the applicability of the statutory cap and the order imposing sanctions upon him.
While that non-final appeal was pending, Bouffard moved in the circuit court to have the sheriff adjudicated in contempt of court for nonpayment of the judgment. After a hearing on said motion on October 8, 1987, the court ordered the sheriff to post a supersedeas bond of $265,000 within five days, failing which the court would proceed to hold him in contempt. No bond was posted and, on November 9, 1987, the court again ordered the sheriff to post the bond or be held in contempt. The sheriff chose to file a motion to review the October 8, 1987, order, citing Florida Rule of Appellate Procedure 9.310(f) on motions to review orders on stays pending review in this court.
*517 Regarding the non-final appeal of the orders of July 7 and 15, 1987 (the 12% sanction and cap), it is apparent from the record of these proceedings that the sheriff has waived any further consideration of the propriety of the statutory cap. When the judgment was originally entered against the sheriff for $250,000, an appeal to this court was taken and the judgment was affirmed in September, 1986. Thereafter, Bouffard, et al., filed a petition for writ of mandamus to require the sheriff to pay the judgment. From a peremptory writ of mandamus ordering him to pay the judgment, the sheriff appealed, but subsequently voluntarily dismissed the appeal in June, 1987. That concluded the right to attack the amount of the judgment vis-a-vis the statutory cap.
The order of July 7th imposed the sanction of a 12 percent penalty on Navarro until he paid the judgment. The sanction was warranted because the court had entered the peremptory writ of mandamus commanding the sheriff to pay the judgment. Since he did not comply, the trial court was well within its rights to impose sanctions. Since a judgment creditor is ordinarily not entitled to levy execution on property of a municipal or public entity, mandamus is the proper, and indeed only, vehicle for enforcing a judgment against a governmental entity. City of Ocoee v. State ex rel. Harris, 155 Fla. 514, 20 So.2d 674 (1945). The court may take whatever steps are necessary to enforce its writ, Berger v. Leposky, 103 So.2d 628 (Fla.), cert. dismissed, 108 So.2d 49 (Fla. 1958), including invoking its contempt power. State ex rel. Neafie v. Butler, 151 Fla. 686, 10 So.2d 572 (1942); 35 Fla.Jur.2d Mandamus and Prohibition § 61. Thus, the circuit court did not err in entering the orders on the 12 percent sanction or statutory cap, as they arose from the properly entered mandamus.
Accordingly, we affirm the orders appealed from in the non-final appeal, that being Case No. 87-2112. We also grant the motion to review the order of October 8, 1987, threatening the appellant with contempt unless he posted a supersedeas bond and quash said order, for reasons set forth in our disposition of the consolidated case herein.
By petition for writ of prohibition, the sheriff seeks to prohibit the circuit judge from holding him in contempt for failing to post a supersedeas bond to pay the judgment pending the non-final appeal from the orders of July 7 and July 15, 1987. Upon filing the notice of appeal in that case, the automatic stay provision of Florida Appellate Rule 9.310(b)(2) became effective, staying execution of the judgment, even though the court could later vacate the stay or make the stay dependent upon posting a bond. However, the court has no authority to require a person to post a supersedeas bond pending appeal. It can determine the terms and conditions of a supersedeas bond and make it a condition of a stay of enforcement of a judgment, but the option to post a bond or not belongs to the debtor alone. As we said earlier, one of the remedies available to the court to enforce a judgment in mandamus is contempt. That remedy was available to the trial court in this instance, but the requirement that the judgment be superseded or else appellant would be subject to contempt sanctions is not within the circuit court's jurisdiction.
Since the non-final appeal by Navarro automatically stayed the cause for purposes of enforcing the judgment, the court's order indicating a future intention to hold Navarro in contempt unless he superseded the judgment by posting bond was entered without jurisdiction. Therefore, we grant the petition for writ of prohibition.
Nonetheless, in view of our decision affirming the orders in the non-final appeal, the automatic stay in effect up to this point is no longer effective and the trial court may, upon remand, consider further proceedings to enforce the judgment in mandamus by contempt, or otherwise, according to law.
GLICKSTEIN and DELL, JJ., concur.